## GARBUTT *a.* HANFF.

*Supreme Court, First District; General Term, October,* 1862.

RIGHT TO MOVE TO SET ASIDE ATTACHMENT.—WAIVER.

The giving of an undertaking, under section 241 of the Code, to obtain the return of property attached, does not preclude the defendant from subsequently moving to set aside the attachment.

Appeal from an order setting aside an attachment.

This action was brought by Elmer H. Garbutt, William H. Black, and Mortimer Hendricks, against Isidor Hanff and Adolph Aroni, to recover $217.83, the price of certain groceries sold to defendants. The plaintiffs obtained a warrant of attachment, as a provisional remedy under the Code, on the ground that defendants were about to dispose of their property with intent to defraud creditors. The warrant was issued May 8th, 1862.

On the 10th of May, 1862, the defendants gave an undertaking, pursuant to section 241 of the Code, and the attachment was discharged. This was done *ex parte*, and the plaintiffs, believing the sureties not to be sufficient, obtained an order, on motion, that the defendants give new sureties.

At the time designated for giving new sureties, the defendants were not prepared, and thereupon entered into a stipulation that, in consideration of further time being given to them, they would give new sureties, who should justify on the 27th

of May, 1862, which was done.  Subsequently to all this, the defendants moved to vacate the attachment on the merits.

This motion was granted, and the plaintiffs appealed.

*Albert Cardozo,* for the appellants.—I. The defendants were too late with their motion.  1. The proper construction of the Code does not permit a motion to vacate on the merits, after the giving of the undertaking (as provided in section 241 of the Code), conditioned to pay " the amount of the judgment that may be obtained."  2. By the giving of the stipulation, at all events, the defendants must be deemed to have conceded the propriety of the attachment.  3. The undertaking is absolute " to pay the judgment," and there is nowhere an authority for vacating or annulling that undertaking.

II. On the merits, the attachment should not have been disturbed.  (The argument upon the merits we omit.)

*Townsend, Dyett & Raymond,* for the respondents.

By the Court.*—Clerke, J.—I. The objection that the defendants were too late with their motion, is not tenable.  Section 241 of the Code, allowing a defendant to give an undertaking for the return of the property attached, does not, even in its original form, contain any thing to preclude him from the right to move to set aside the attachment, and, as amended, it expressly says that, " in all cases, the defendant may move to discharge the attachment."

II. As to the merits, so far as the facts are involved, we see no reason why we should disturb the conclusions of the judge at special term from the conflicting evidence presented to him in the affidavits ; and, so far as any legal questions are involved, we think his conclusions are in conformity with the previous decisions of this court on the same subject.

The order should be affirmed, with costs.

Order accordingly.

* Present, Ingraham, P. J., Barnard and Clerke, JJ.