## SUPREME COURT.

### H. B. CLAFLIN *et al.* agt. JULIUS BAERE *et al.*

*Attachment— vacation of, for insufficiency.—giving of an undertaking does not bar the right to move to vacate— Code of Civil Procedure, secs. 682–687.*

An affidavit on which to obtain an attachment, where the material statements are upon information and belief, is insufficient.

The discharge of an attachment under section 687 of the Code of Civil Procedure, does not prevent the vacating or modifying of the warrant under section 682.

The giving of an undertaking by a defendant on an application to discharge an attachment does not bar the right to move to vacate the same.

Under section 682 of the Code of Civil Procedure the time in which a defendant may move to vacate or modify an attachment is extended

Claflin *et al.* agt. Baere *et al.*

until the actual application of the attached property to the payment of a judgment recovered in the action.

*Special Term, April,* 1879.

IN December last, Messrs. H. B. Claflin & Co. made an application to judge DONOHUE for a warrant of attachment against the property of Baere Brothers of Brooklyn. The application was based upon the affidavit of Thomas D. Adams, of Claflin's, which, after setting forth their claim, amounting to $6,269.12, recited that one of the defendants made certain statements to him as to their responsibility, upon the faith of which the goods were sold and delivered; that between December fifteenth and twentieth, Mr. Adams asked one of the defendants (after he had been informed that defendants were about to suspend payment) if they were solvent, and offered, in case they were not, to assist them with a loan of money; that the offer was declined; that he was informed and believed that, at the same time, defendants were stating to some of their friends that they intended, and that he believed that they did intend, as soon as the holiday season was over and the defendants could realize on their property and convert the same into cash, to make a general assignment, and therein make a preference of certain pretended confidential indebtedness amounting to $19,000. The affidavit further recited that the deponent (Adams) was informed that defendants had secreted some of their property, all with intent to defraud their creditors.

Judge DONOHUE granted the attachment, which was issued to the sheriff, who took possession of the defendant's store thereunder. The defendants gave an undertaking to discharge the attachment. A motion is now made to vacate the attachment upon the papers upon which it was granted.

*A. Blumenstiel,* for defendants. 1. Averments on information and belief are not evidence unless the source of information is stated, as well as the reasons why the affidavit

of the party, from whom the information was obtained, is not produced (*Yates* agt. *North*, 44 *N. Y.*, 271; *see, particularly, opinion of judge* LEONARD; *O'Reilly* agt. *Freel*, 37 *How.*, 272; *Clearwater* agt. *Bill*, 61 *N. Y.*, 625; *Mott* agt. *Lawrence*, 17 *How.*, 559; *Dryfuss* agt. *Otis*, 54 *How.*, 405, 407; *Muller* agt. *Perrine*, 14 *Abb. N. Y.*, 96; *Hill* agt. *Bond*, 22 *id.*, 272; *Brewer* agt. *Tucker*, 13 *Abb.*, 76; *Ackroyd* agt. *Ackroyd*, 20 *How.*, 93; *In re Haynes*, 18 *Wend.*, 611; *Smith* agt. *Luce*, 14 *Wend.*, 237; *Ex parte Robinson*, 21 *Wend.*, 672; *In re Bliss*, 7 *Hill*, 187; *In re Faulkner*, 4 *id.*, 598; *Waltons* agt. *McGuire*, 33 *How.*, 27; *Whitlock* agt. *Roth*, 10 *Barb*, 78; *De Nuith* agt. *Lidner*, 55 *How.*, 419; *Broadhead* agt. *McConnell*, 3 *Barb.*, 175). II. An attachment should not issue unless it clearly appears that but one construction is to be placed on the acts of the party against whom the attachment is asked, a construction unfavorable to honesty (*Andrews* agt. *Schwartz*, 55 *How.*, 190). III. The affidavit does not state that the plaintiffs are entitled to recover the sum stated "over and above all counter-claims known to them. The allegation therein" is over and above all counter-claims known to deponent; who is not the plaintiff. IV. The undertaking is defective in that the sureties do not justify in double the amount.

*M. Rogensburger*, for plaintiff.

BARRETT, *J.*— After careful consideration, we see no way of sustaining this attachment. That the affidavit was insufficient does not admit of debate. The only material statements are upon information and belief and the sources are not given.

2. The discharge of the attachment under section 687 does not prevent the vacating or modifying of the warrant under section 682. The former proceeding is merely to release the attached property in whole or in part by substituting security therefor. The order thereon is that the attachment be discharged "as to the whole or a part of the property attached" (*See Garbelt* agt. *Hauff*, 15 *Abb.*, 189).

3. Nor does the assignment estop the defendants. They have a right to a judgment on these charges of fraud; besides they have a reversionary interest in the assigned or attached property (*See* 20 *Hun*, 343; 13 *Abb.*, 76; 14 *Abb.*, 64).

4. There is no question of laches, as section 682 extends the time to move until the actual application of the attached property to the payment of a judgment recovered in the action.

5. There is nothing in the claim of acquiescence. The defendants did not use the attachment. They were told that the lien was complete, and the question of keeping a man in charge was one of convenience merely; it was understood that whether the man remained, went out or was recalled, the validity of the lien was not affected. The talk, therefore, about giving the defendants the power to recall the keeper in case other attachments were issued, cannot deprive them of their statutory right to contest the validity of the proceedings.

