GENEVA NON-MAGNETIC WATCH CO., Limited, *v.* PAYNE *et al.*

(*Supreme Court, Special Term, New York County.* December 11, 1888.)

1. ATTACHMENT—AFFIDAVIT—KNOWLEDGE OF AFFIANT—AGENTS.
    An affidavit for attachment, made on behalf of a corporation by its secretary, which states no facts showing how the affiant knows that the debt alleged to be owing by defendant is over and above all counter-claims, is fatally defective.

2. SAME—FRAUD.
    The attachment being asked on the ground of fraud, the affidavit is defective, in not stating the source from which the affiant received information as to the alleged fraudulent acts of defendant.

At chambers. Action by the Geneva Non-Magnetic Watch Company, Limited, against William H. Payne and Frederick D. Steck, for goods sold and delivered. An attachment was obtained by the plaintiff on the ground of fraud; and Robert B. Holden and Charles I. Gardiner, junior lienholders, move to vacate the attachment for insufficiency of the affidavit.

*Franklin Bien,* for the motion. *Fettrech, Silkman & Seybel, contra.·*

LAWRENCE, J. Even if it be conceded that the court can take notice of the fact that the person before whom the affidavit to the undertaking purports to have been verified was a notary public, for the reason that from the certificate to the acknowledgment it appears that he describes himself as a notary, and even if the title of the action in which the attachment sought to be set aside sufficiently appears from the indorsement upon the warrant, the objection still remains that it in no way appears that the secretary of the company, upon whose affidavit the attachment was issued, possessed any knowledge of the accounts between the plaintiffs and the defendants, which enabled him to state that the amount claimed was due over and above all counter-claims known to the plaintiff. In *Buhl* v. *Ball,* 41 Hun, 65, it was held that, where an affidavit is made by an agent, who states in unqualified terms that the plaintiffs are entitled to recover the sum named, over and above all counter-claims

known to the plaintiffs, if facts are not stated in the affidavit which enable the court to see how the deponent knows, or could know, that fact, or which show the relation existing between the plaintiffs and the agent to be such as to raise a presumption, from the nature of the agency, that he might have personal knowledge as to the fact, the proof as to the existence of that fact was defective. That case seems to be peculiarly in point here. There is nothing in the affidavit of the secretary which shows how he knows the fact that the amount stated is due over and above all counter-claims; and there is no presumption that the secretary is, from the nature of his office, acquainted with the condition of the accounts between the corporation and those with whom it transacts business. See, also, *Cribben* v. *Schillinger*, 30 Hun, 248.

Again, the affidavit on which this attachment was issued is defective, because it does not show from whom the affiant learned, or by whom he was informed, that the defendants had made a general assignment, by which their relatives were preferred; that judgments had been confessed in favor of said relatives; nor from whom or how he learned that the representations made by the defendants as to their financial ability and standing, etc., were untrue. See *Bennett* v. *Edwards*, 15 Wkly. Dig. 250; *Claflin* v. *Baere*, 57 How. Pr. 78. For these reasons I am of the opinion that the attachment must be vacated. Settle order on notice.