(2 App. Div. 552.)

### LAWLOR v. MAGNOLIA METAL CO.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

ATTACHMENT—DISCHARGE BY UNDERTAKING—PAYMENT OF SHERIFF'S CHARGES.
  Though Code Civ. Proc. § 709 (providing that "where a warrant of attachment is vacated or annulled, or an attachment is discharged, on the application of the defendant, the sheriff must * * * deliver to the defendant, * * * upon payment of all costs, charges and expenses legally chargeable by the sheriff, all the attached personal property remaining in his hands, or that portion thereof as to which the attachment is discharged"), is unconstitutional, so far as it authorized the sheriff to hold the property for payment of fees, where the attachment has been vacated, it is valid in case of a discharge by the giving of an undertaking by defendant.

Appeal from special term, New York county.

Action by James Lawlor against the Magnolia Metal Company. From an order denying defendant's motion to compel plaintiff to pay the sheriff's fees and disbursements, and to direct the sheriff to deliver property in his possession by virtue of a warrant of attachment, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Alexander S. Bacon, for appellant.
L. A. Gould, for respondent Lawlor.
Burrett S. Stone, for respondent sheriff.

O'BRIEN, J. The plaintiff obtained an attachment, and levied upon the property of the defendant, which thereupon filed an un-

dertaking, and an order was entered discharging the attachment. The sheriff refused to deliver up the defendant's property until his fees were paid for poundage and care of the property. No question is made as to the amount of such fees, the single question presented being as to whether the defendant is obliged to pay the sheriff's fees before he is entitled to a return of the property.

By section 709 of the Code of Civil Procedure, it is provided that "where a warrant of attachment is vacated or annulled, or an attachment is discharged, on the application of the defendant, the sheriff must * * * deliver to the defendant, * * * upon payment of all costs, charges and expenses legally chargeable by the sheriff, all the attached personal property remaining in his hands, or that portion thereof as to which the attachment is discharged." And chapter 418 of the Laws of 1892, in addition to fixing the fees for levying warrants of attachment, provides that "the sheriff may retain the property levied upon until his fees and poundage are paid." ·In construing the above section of the Code (section 709), in the case of Bowe v. Reflector Co., 36 Hun, 407, it was held that, in so far as the said section attempts to compel a defendant to pay the costs, charges, and expenses incurred by the sheriff in levying upon his property under an attachment where such an attachment has been subsequently vacated and set aside, it is unconstitutional and void, as depriving the defendant of his property without due process of law. That case and the reasoning upon which it is supported we regard as a controlling authority against the right of the sheriff to hold the property of a defendant for the payment of his fees where the attachment has been vacated. The question presented here, however, is different, relating, as it does, to the sheriff's right in a case where the attachment is discharged by the giving of an undertaking. The undertaking does not, in terms, provide for the payment of sheriff's fees; and even though it be assumed that the defendant might have included them in his undertaking, and thus have secured them to plaintiff, yet it has failed to do so. It is conceded that the sheriff's fees must be paid by some one and at some time; and where, as here, the time has arrived for the payment of such fees by the discharge of the attachment and provision for the return of the property, it remains to be determined by whom they should be paid.

That there is a plain and broad distinction between vacating and discharging an attachment we think too apparent to require discussion. The effect of an order or judgment vacating the attachment is an adjudication that the property was illegally seized, and that the sheriff is retaining it without any process in his hands. Where, however, the attachment is discharged by the giving of an undertaking, the attachment still lives, the undertaking being substituted in the place of the levy made by the sheriff. This provision of the Code, which permits an undertaking to be given in discharge of an attachment, is an act of grace; and the provision for delivering up the property upon the giving of such an undertaking is a favor which the defendant is at liberty to accept or refuse. The effect of the undertaking is not to vacate or nullify the

attachment; it merely suspends its vitality as affecting the property levied upon, and stays its enforcement as to such property. And we think that this is manifest from the provision allowing the undertaking in discharge of the attachment as to the whole or part of the property attached.    To illustrate, if a levy is made on property which in value is less than the plaintiff's claim, and an undertaking in discharge of such attachment is given to the extent of the value of the property attached, this would not prevent a subsequent levy upon other property of the defendant.    For instance, where the plaintiff's claim was $50,000, and a levy was made upon only $1,000 worth of the property, the giving of an undertaking for the latter sum would discharge the attachment as to that property, but would not impair the attaching creditor's right to levy on additional property if it could be found to the extent of the balance of his $50,000.    As correctly urged by the respondent, therefore, since a single warrant of attachment may not be partly efficient and partly a nullity at the same time, the giving of an undertaking to free the defendant's property from the lien of the attachment does not impair the validity, or destroy the power of the court's mandate, but is practically a substitution of the sureties on the undertaking in place of property as security for the whole or a portion of the plaintiff's claim.    The giving of an undertaking to discharge the attachment does not preclude the defendant from moving to vacate the attachment.    Currie v. Riley, 14 Wkly. Dig. 407; Claflin v. Baere, 57 How. Prac. 78; Garbutt v. Hanff, 15 Abb. Prac. 189; Rowles v. Hoare, 61 Barb. 266.    This establishes the proposition that the attachment itself survives the giving of such undertaking, and that the giving thereof in no wise impairs the effectiveness of the attachment itself.

We do not think, however, it is necessary to pursue this question, as we concur in the views expressed in the opinion of Mr. Justice Ingraham in the case of Bank v. Reichman, decided by him at special term, which, not being reported, we give in full:

"The attachment in this case was not vacated, and there is no claim by defendant that the attachment was improperly granted, or that the defendant's property was not properly levied upon under the attachment. The defendant, by complying with the provisions of the Code, and giving an undertaking to secure the payment of the plaintiff's claim, has procured an order that the attachment be discharged; but the court was justified in granting the attachment, and the sheriff was justified in proceeding under it. I think it clear that the legislature had power to provide that the sheriff could retain the property levied on under the attachment until his fees were paid, where the attachment was properly issued, and where it was discharged only because the defendant had availed himself of the provisions of the Code allowing him to substitute the personal obligation of the sureties in place of the property attached to secure any judgment that the plaintiff might obtain. The cases cited by the moving party, the principal one of which is Bowe v. Reflector Co., 36 Hun, 407, do not apply, for in that case the attachment had been vacated, and not discharged, because of the substitution of other security. I think the legislature intended, by subdivision 2 of section 17 of chapter 523 of the Laws of 1890, as amended by chapter 418 of the Laws of 1892, to allow the sheriff to retain possession of the property levied upon until his fees and poundage are paid, whether the attachment was discharged by order of the court or the action was settled; and while that provision would be inoperative in a case where the attachment was vacated because it was

improperly granted, and the plaintiff was not entitled to have the defendant's property held to secure any judgment that he might obtain, it is operative where it appeared that the attachment was properly obtained, and the action was either settled or the attachment discharged by reason of the substitution of other security. I think, therefore, the sheriff is entitled to hold the property levied upon under the attachment until his fees are paid, and, upon the payment of such fees, he is directed to deliver the property to the defendant. The amount of the fees can be taxed on notice."

Our conclusion, therefore, is that the order appealed from is right, and should be affirmed, with $10 costs and disbursements. All concur.