(49 App. Div. 141.)

TRIBUNE ASS'N v. EISNER & MENDELSON CO. et al.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

ATTACHMENT—VACATION—SHERIFF'S FEES.

A bank cashier's statement to a sheriff, on attachment of a deposit, that it was sufficient to satisfy the claim, without any showing of the amount of the deposit, or the certificate required by Code Civ. Proc. § 650, showing the amount, nature, and description of the property held by the bank for the benefit of the debtor, is insufficient to authorize the allowance of sheriff's fees and poundage on the vacation of the writ.

Appeal from special term, New York county.

Action by the Tribune Association against Eisner & Mendelson Company and another in attachment. From an order taxing sheriff's fees and poundage, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Julius J. Frank, for appellants.
Philip J. Britt, for respondent.

RUMSEY, J. On the 26th of May, 1899, an attachment in this action against the property of the defendant, a foreign corporation, was delivered to the sheriff of the county of New York, who served it by leaving a certified copy of the warrant, with a notice that he attached the deposit of the defendant in the bank, with the cashier of the Importers' & Traders' National Bank. The defendant, pursuant to section 668 of the Code of Civil Procedure, filed

an undertaking in the sum of $7,000, and entered an order in the office of the clerk of the county of New York discharging the attachment, and requiring the sheriff to deliver the property attached to the defendant. No notice of that order was given to the sheriff. On the 29th of May, in obedience to that order, the bank paid to the defendant upon its check all that stood to its credit. On the 9th of August the sheriff demanded of the bank the amount of the deposit. That demand was refused, and the sheriff was informed that the bank had paid over to the defendant all the moneys deposited to its credit in pursuance of the order to that effect. Thereupon the sheriff moved that the defendant be required to return the money so drawn to him, or that the sheriff's fees and poundage be adjusted and allowed, and that the defendant be required to pay that sum to him. The affidavit of the deputy sheriff who served the attachment states that when he served it upon the bank he was told by the cashier that there was sufficient money on deposit to the credit of the defendant to satisfy the claim of the plaintiff, which amounted to $5,088. The court taxed the fees and poundage at the sum of $152.21, and directed the defendant to deliver to the sheriff the money attached, or that it forthwith pay him the sum so taxed as fees and poundage. This order was made pursuant to the authority given to the court or judge in the county of New York, where an attachment is discharged by the order of the court, to make such an order requiring the party liable therefor to pay the sheriff his fees and poundage. Laws 1892, c. 418, § 1, subd. 2. If that application had been made by the sheriff before the order discharging the attachment, and before the filing of the bond, there is no doubt that the court would have been authorized to require the defendant to pay the fees and poundage as a condition precedent to the delivery of the property. Lawlor v. Metal Co., 2 App. Div. 552, 38 N. Y. Supp. 36. This authority was not taken away because the defendant chose to procure an ex parte order without notice to the sheriff. But there is no sufficient proof here to warrant the taxing of the fees and poundage. Before that can be done, the amount of the property attached by the sheriff must be made to appear. All the proof upon that subject is that the sheriff was told by the cashier of the bank that the defendant's deposit was large enough to pay the plaintiff's claim. The sheriff procured no such certificate as was prescribed in section 650 of the Code of Civil Procedure, and the court did not have any information or proof as to the amount of the property attached, except the unverified and ex parte statement of the cashier. That statement is not evidence for any purpose against the defendant. For the reason, therefore, that there was no information upon which the court could proceed to tax the amount of the fees and poundage, this order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to renew upon additional papers. All concur.