the time the indebtedness was incurred lived at a certain place, he still continued to reside there. The bankruptcy law does not require that the schedule shall state the last known place of residence of a creditor. We think the evidence was entirely insufficient to show that there was fraud, either by way of assertion or concealment, in Mollner inserting in his schedule that the residence of Moore was unknown.

The order appealed from should therefore be reversed, with costs, and the motion to cancel the judgment granted, with costs.

INGRAHAM and HATCH, JJ., concur. VAN BRUNT, P. J., concurs in result. LAUGHLIN, J., dissents on the ground that scheduling this creditor as unknown was fraudulent, and that the judgment debtor is not entitled to discharge.

---

(75 App. Div. 478.)

TREADWELL et al. v. JOHN A. MEAD MFG. CO.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. ATTACHMENT—PAYMENT OF POUNDAGE.

Code Civ. Proc. § 709, providing that when an attachment is discharged the sheriff must, unless otherwise specially provided by law, deliver over to defendant, on demand and payment of all legal charges, the attached property in his hands, or the proceeds thereof, if it has been sold by him, confers no authority on the court, after discharging an attachment, to order either party to the action to pay the sheriff's poundage.

2. SAME.

Laws 1892, c. 418, subd. 2, providing that, if an action in attachment is settled either before or after judgment, the sheriff is entitled to poundage on the value of the property attached, and may retain the property levied on until his fees and poundage are paid, does not authorize the court, after discharging an attachment, to direct that defendant pay the sheriff's poundage as taxed, though the court has the power to tax the poundage.

Appeal from special term, New York county.

Attachment proceedings by M. H. Treadwell & Co. against the John A. Mead Manufacturing Company. From an order taxing the poundage of the sheriff of the county of New York (William J. O'Brien) at $40, and directing defendant to pay the sheriff said sum within 10 days after service of the copy of the order, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Robert B. Knowles, for appellant.
John J. Adams, for respondents.

INGRAHAM, J. We know of no authority for the provision in the order requiring the defendant to pay the poundage as taxed by the court. Section 709 of the Code of Civil Procedure provides that:

"Where a warrant of attachment is vacated or annulled, or an attachment is discharged, upon the application of the defendant, the sheriff must, except in a case where it is otherwise specially prescribed by law, deliver over to

the defendant, or to the person entitled thereto, upon reasonable demand, and upon payment of all costs, charges and expenses, legally chargeable by the sheriff, all the attached personal property remaining in his hands, or that portion thereof, as to which the attachment is discharged; or the proceeds thereof, if it has been sold by him."

This section confers no authority upon the court, after a discharge of a levy under an attachment, to order either party to the action to pay the sheriff's poundage. Subdivision 2 of chapter 418 of the Laws of 1892 provides that, if an action is settled either before or after judgment, the sheriff is entitled to poundage upon the value of the property attached, not exceeding the amount at which the settlement is made, and that the sheriff may retain the property levied upon until his fees and poundage are paid; but this act contains no authority for such a direction in an order. The court has power to tax the sheriff's fees, and the order, so far as it taxes his poundage at the sum of $40, seems to be correct. If the sheriff wishes to collect his poundage, his remedy is to hold his levy until it is paid, or to sue the party to the action liable for his poundage for the amount taxed.

The order should be modified by striking out the last clause, ordering the defendant to pay the poundage within 10 days, and, as modified, affirmed, without costs. All concur.