WILLARD A. ESSELSTYN, Plaintiff, *v.* THE UNION SURETY AND GUARANTY COMPANY, Appellant.

WILLIAM J. O'BRIEN, as Sheriff of the County of New York, Respondent.

*Sheriff of the county of New York — power of the court to tax his poundage where a levy is made under a warrant of attachment, in lieu of which money and securities are taken.*

After the sheriff of the city and county of New York had made a levy under a valid warrant of attachment, an order was made discharging the attachment upon the plaintiff consenting to receive, in lieu of the statutory undertaking, certain money and securities. The action then proceeded as before.

Chapter 523 of the Laws of 1890, which relates to the office of the sheriff of the city and county of New York, provides, in subdivision 2 of section 17 thereof, as amended by chapter 418 of the Laws of 1892, that "where the warrant of attachment is *vacated, set aside or discharged* by order of the court, poundage upon the value of the property attached not exceeding the amount specified in the warrant" may be taxed, and that "the judge or court may make an order requiring the party liable therefor to pay the same to the sheriff," and also that "if an action is *settled*, either before or after judgment, the sheriff is entitled to poundage upon the value of the property attached not exceeding the sum at which the settlement is made; the sheriff may retain the property levied upon until his fees and poundage are paid."

*Held*, that the court had power, under this statute, to tax the sheriff's poundage fees and to make an order requiring the defendant to pay them.

APPEAL by the defendant, The Union Surety and Guaranty Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 22d day of November, 1902, taxing the bill for poundage fees of the sheriff of the county of New York and directing the payment thereof to the sheriff by the defendant.

*Wilson B. Brice*, for the appellant.

*Charles F. Wells* [*John J. Adams* with him on the brief], for the respondent.

HIRSCHBERG, J.:

This is an appeal from an order of the Special Term of the Supreme Court taxing a bill for poundage of the sheriff of the

county of New York at the sum of $204 and directing the payment thereof by the defendant. It appears that in October, 1901, the Alabama Dredging and Jetty Company and the Lamberts Point Tow Boat Company entered into a charter party for the letting of a steam tug by the latter company to the former. The defendant, the Union Surety and Guaranty Company, at the same time entered into an agreement with the tow boat company guaranteeing the performance of the charter party on the part of the dredging company. The latter company subsequently became indebted to the tow boat company on the charter party ; the tow boat company assigned to the plaintiff both causes of action, the one on the indebtedness arising under the charter party and the one on the defendant's guaranty of that indebtedness; actions were brought on the respective claims, one against the dredging company on the debt and this action against the surety company on its guaranty, and an attachment was procured in each case on the ground that the defendant was a non-resident corporation. In this action brought upon the guaranty the sheriff of the city and county of New York levied under the attachment upon property of the defendant sufficient in value to easily satisfy the amount of the claim, which was $7,160, and which amount is specified in the warrant. The claim has been paid or secured and the attachment has been released or discharged by order of the court, but it is contended on behalf of the defendant that the settlement was made with money and notes of the dredging company and not with the money or property of the defendant. The statement in the record with respect to the settlement is in substance that the counsel for the defendant, acting in behalf of the dredging company, paid the plaintiff some moneys on account and delivered to him the notes of the dredging company for the balance of the claim. The payment of the money and the delivery of the notes, however, were undoubtedly for the purpose of discharging the attachment and releasing the property of the defendant which had been levied on, and the gist of the defendant's argument on appeal is contained in the assertion that there is no authority for the court to order the payment by the defendant of the sheriff's fees for poundage.

The authority, if it exists, is contained in the provisions of chapter 523 of the Laws of 1890, entitled "An act in relation to the

office of sheriff of the city and county of New York," as amended
by chapter 418 of the Laws of· 1892. As so amended, subdivision
2 of section 17 of the act provides, among other things, that
" where the warrant of attachment is *vacated, set aside or dis-
charged* by order of the court, poundage upon the value of the
property attached not exceeding the amount specified in the war-
rant" may be taxed, and that " the judge or court may make an
order requiring the party liable therefor to pay the same to the
sheriff." The subdivision as amended further provides that "if
an action is *settled,* either before or after judgment, the sheriff is
entitled to poundage. upon the value of the property attached.
not exceeding the sum at which the settlement is made; the sheriff
may retain the property levied upon until his fees and poundage are
paid."

The act in question must be deemed to intend something supple-
mentary and additional to the general provisions of the Code of
Civil Procedure relating to attachments. Sections 682 and 683 of
the Code provide for the *vacation* of an attachment in case it can-
not for any reason be sustained as valid, and sections 687 and 688
provide for its *discharge* upon the giving of an undertaking for
that purpose by the defendant. If the attachment is either vacated
or discharged it is provided by section 709· that the sheriff must
restore the property to the defendant upon payment of all costs,
charges and expenses. In view of these provisions of the Code it
is obvious that the provision of the special act herein referred to,
authorizing the court to make an order requiring the party liable
therefor to pay the sheriff's poundage where the warrant of attach-
ment is either vacated, set aside or discharged by order of the court,
is designed to embrace both· the case of an annulment of the writ
because of invalidity, or for any other reason justifying such annul-
ment, and of a discharge of the writ because of the giving of secu-
rity by the defendant, or for any other cause analogous thereto, and
requiring or justifying such discharge. In this view the provision
of the special act limiting the sheriff to a retention of the property
attached until his fees and poundage are paid, relates chiefly, if not
solely, to the case of a settlement of the action by the parties.
The distinction between the two provisions, viz., that which permits
an order requiring the payment of the sheriff's fees and that which

confines the sheriff's remedy to his lien upon the property attached, depends upon the fact that in the one case the action has been settled, while in the other it remains undetermined but with the attachment set aside either because it was improperly granted or because something else has taken its place.   In the one case the lien is destroyed by the act of the parties, and the sheriff may retain the property to secure his fees; in the other case the lien is destroyed by the action of the court, and the court is permitted to both determine the liability for the fees and to direct their payment.

An additional distinction between the setting aside and the discharge of an attachment was pointed out in the case of *Lawlor* v. *Magnolia Metal Co.* (2 App. Div. 552), and it was held that the effect of an order or judgment vacating the attachment is an adjudication that the property was illegally seized and that the sheriff is retaining it without any process, but that where the attachment is discharged by the giving of an undertaking the attachment still lives and the undertaking is substituted in place of the levy.   It was further held in that case, the court adopting an opinion delivered at Special Term by Mr. Justice INGRAHAM in the unreported case of *Union Square Bank* v. *Reichmann,* that (p. 555) " the Legislature intended, by subdivision 2 of section 17 of chapter 523 of the Laws of 1890, as amended by chapter 418 of the Laws of 1892, to allow the sheriff to retain possession of the property levied upon until his fees and poundage are paid, whether the attachment was discharged by order of the court, or the action was settled ; and while that provision would be inoperative in a case where the attachment was vacated because it was improperly granted, and the plaintiff was not entitled to have the defendant's property held to secure any judgment that he might obtain, it is operative where it appeared that the attachment was properly obtained, and the action was either settled or the attachment discharged by reason of the substitution of other security."

There is no claim made in this case that the attachment was improperly granted, nor has an undertaking been given by the defendant in either action.   The learned counsel for the appellant insists, however, that this action has not been settled and that the payment of the claim by the principal debtor, the Alabama Dredging and Jetty Company, served only to absolve this defendant from the obli-

gation of its guaranty and to limit the plaintiff's possible recovery herein to the costs of the action up to the time of that settlement. The situation presented, therefore, is that this action is to be regarded for the purposes of this appeal as still pending, and the order discharging the attachment to have been made upon the giving by the principal debtor of money and other securities to the plaintiff, which have been accepted by him in lieu of the statutory undertaking. The case is thus brought within the spirit and meaning of the special act of the Legislature, and must be held to be fairly embraced within the legislative intendment. There can be no difference in principle between the discharge of an attachment by the giving of a bond and such discharge accomplished by the deposit of a sufficient sum of money.

The case of *Treadwell & Co.* v. *Mead Mfg. Co.* (75 App. Div. 478), relied upon by the appellant, is accordingly inapplicable. It appears by the record in that case that the action was settled by the parties and an order of discontinuance entered, and the only question presented on the appeal was whether under such circumstances authority existed to order the payment of the sheriff's poundage. The conclusion reached was that the court had power to tax the fees and poundage, but had no power to compel the party to the action liable therefor to pay the same. The court held that the only remedy the sheriff had in such a case was to retain the property until his poundage was paid or to sue the party liable for the amount thereof as taxed. The provision of the special act authorizing the enforcement of the liability by order was not considered. The statement in the opinion that that act contains no authority for such an order refers only to a case such as was then under consideration, viz., where the action was terminated because of payment or settlement and the attachment thereupon discharged. It cannot be assumed to relate to a case where the attachment has been vacated, set aside or discharged by order of the court, but the action continues unsettled and undetermined.

The authority conferred by the statute was considered by the same Appellate Division in the case of *Tribune Association* v. *Eisner & Mendelson Co.* (49 App. Div. 141), and although the order in that case was reversed because there was no proof to justify the amount of the poundage as taxed, the court called

attention to the fact that authority did exist in the county of New York for an order requiring the party liable therefor to pay such poundage. Mr. Justice RUMSEY said (p. 142): "This order was made pursuant to the authority given to the court or judge in the county of New York where an attachment is discharged by the order of the court to make such an order requiring the party liable therefor to pay the sheriff his fees and poundage. (Laws of 1892, chap. 418, § 1, subd. 2.*) If that application had been made by the sheriff before the order discharging the attachment and before the filing of the bond, there is no doubt that the court would have been authorized to require the defendant to pay the fees and poundage as a condition precedent to the delivery of the property. (*Lawlor v. Magnolia Metal Co.*, 2 App. Div. 552.) This authority was not taken away because the defendant chose to procure an *ex parte* order without notice to the sheriff."

In the case at bar the attachment was vacated by an order of the court made apparently *ex parte* so far as the sheriff was concerned. Upon the service of the order the defendant's attorney promised, according to the affidavit of a deputy sheriff, that his client would pay the poundage, and this averment is only denied to the extent that it is denied that any promise was made on behalf of this defendant. The same attorney represented both defendants, and whatever was done in the interest of one was necessarily for the benefit of the other.

The question of the constitutionality of the provision of the statute under consideration does not appear to have been raised at the Special Term, and has not been presented by the brief submitted on this appeal, and need not, therefore, be determined. (*Dodge v. Cornelius*, 168 N. Y. 242, and cases cited.)

The order should be affirmed.

WOODWARD, JENKS and HOOKER, JJ., concurred; GOODRICH, P. J., dissented.

Order affirmed, with ten dollars costs and disbursements.

---

*Laws of 1892, chap. 418, § 1, amdg. Laws of 1890, chap. 523, § 17, subd. 2.— [REP.