B. P. DUCAS CO. v. AMERICAN SILK DYEING & FINISHING CO.

(Supreme Court, Appellate Term. November 18, 1903.)

1. SHERIFFS—COMPENSATION—SERVICES IN ATTACHMENT—POUNDAGE—LIABILITY OF DEFENDANT.

Where a warrant of attachment is discharged on defendant's application, and on his giving an undertaking, the sheriff is entitled to, and defendant is liable to pay, poundage upon the value of the property levied upon, under Laws 1890, p. 940, c. 523, § 17, as amended by Laws 1892, p. 868, c. 418, relative to the office of sheriff in the city and county of New York, fixing his fees, and entitling him to poundage upon the value of property attached where the warrant is set aside or discharged by order of court.

Appeal from City Court of New York, Special Term.

Action by the B. P. Ducas Company against the American Silk Dyeing & Finishing Company and Wm. J. O'Brien, sheriff, etc. From an order taxing the sheriff's poundage against defendant dyeing and finishing company, it appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Preston Stevenson, for appellant.
Charles F. Wells and Sydney W. Stern, for respondent.

FREEDMAN, P. J. In January, 1903, an attachment was issued in this action against defendant's property, on the ground of its nonresidence, to secure plaintiff's claim of $693 and interest, and on the 26th day of that month the sheriff served copies of the warrant on two or three persons alleged to be indebted to the defendant. On the 28th of January the defendant, without notice to the sheriff, gave the usual undertaking, and procured an order discharging the attachment as to any and all property of the defendant. The sheriff demanded poundage from defendant, to be calculated upon the amount of plaintiff's claim as stated in the warrant; and, payment thereof having been refused, he applied for the taxation of the poundage, and for an order directing the defendant to pay it. After several unsuccessful attempts,

not necessary to be referred to here, he finally succeeded in obtaining an order taxing his poundage at $37.73, and requiring the defendant to pay it. From this order the present appeal is taken. It was made upon proof which, notwithstanding the defendant's criticism, sufficiently established a lien upon property of the value of the claim of the plaintiff as stated in the warrant. Upon such proof, the amount directed to be paid was correctly assessed; but the defendant contends that there was no power in the court to order the defendant to pay it, and in support of this contention the case of Treadwell Co. v. Mead Mfg. Co., 75 App. Div. 478, 78 N. Y. Supp. 283, is cited. The law governing the point in dispute is to be found in subdivision 2 of section 17 of chapter 523, p. 940, of the Laws of 1890, as amended by chapter 418, p. 868, of the Laws of 1892. These statutory provisions were construed by the Appellate Division of the First Department in the case cited, and it was there held that while under them the court, after the discharge of an attachment, has power to tax the sheriff's fees, it has no power to require the defendant, by an order, to pay the poundage as taxed. But this decision was, in the subsequent case of Esselstyn v. Union Surety & Guaranty Co., 82 App. Div. 474, 81 N. Y. Supp. 532, decided by the Appellate Division of the Second Department, explained as relating solely to a case in which the action was settled by the parties, and an order of discontinuance entered. As regards a case in which the attachment has been vacated, set aside, or discharged by order of the court while the action continues unsettled and undetermined, it was held that, under the statutory provisions above referred to, the power to enforce the liability for poundage by order does exist. In Tribune Association v. Eisner & Mendelson Co., 49 App. Div. 141, 63 N. Y. Supp. 94, although the order was reversed because the proof was insufficient to justify the amount of the poundage as taxed, the existence of the power was expressly affirmed, with a reference to Lawlor v. Magnolia Metal Co., 2 App. Div. 552, 38 N. Y. Supp. 36. It therefore is apparent that sufficient authority exists in support of the proposition that where a warrant of attachment is discharged on defendant's application, and upon his giving an undertaking, the sheriff is entitled to poundage upon the value of the property levied upon, and that the defendant is the party liable to pay the same.

The order should be affirmed, with costs and disbursements. All concur.