(119 App. Div. 817)　　　　JONES v. GOULD et al.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

1. SHERIFFS—COMPENSATION—ATTACHMENT—DISCHARGE—RETENTION OF LEVY.
　　Under Code Civ. Proc. § 709, providing that, where an attachment is vacated, the sheriff must deliver the attached personal property to the person entitled thereto on payment of all sheriff's costs, charges, and expenses legally chargeable, the sheriff is entitled to retain the levy, notwithstanding the giving of a bond to discharge the attachment, until his fees are paid.

**2. SAME—PAYMENT—ORDER.**

Laws 1890, p. 936, c. 523, as amended by Laws 1892, p. 868, c. 418, applicable only to New York county, provides that the sheriff is entitled to poundage on property attached, where the attachment is discharged or vacated by order of the court, and directs the judge or court to make an order requiring the party liable to pay such poundage to the sheriff. *Held*, that where an attachment executed by the sheriff of New York county was discharged, on defendant giving security, "on paying the sheriff's fees to be taxed on notice," the court had no power to enter an immediate order directing the attachment defendant to pay the sheriff's fees and poundage until there had been some final determination as to which party to the action was liable for such fees.

**3. SAME—REMEDIES OF SHERIFF.**

Where an attachment executed by the sheriff of New York county was discharged on payment of the sheriff's fees because of the attachment defendant giving security, the sheriff was entitled to retain possession of the property levied on until his fees were paid, or he could release the property and apply to the court for an order directing the party subsequently found liable for his fees in the action to pay them, as authorized by Laws 1890, p. 936, c. 523, as amended by Laws 1892, p. 868, c. 418, or he could sue to recover his fees from the party liable therefor.

Appeal from Special Term, New York County.

Action by John S. Jones against George J. Gould and others. From an order in effect denying a motion made by Nicholas J. Hayes, as sheriff of New York county, directing defendant Gould to pay the sheriff's fees for the service and execution of an attachment against him, the sheriff appeals. Affirmed.

See 99 N. Y. Supp. 789.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Maurice B. Blumenthal, for appellant.
Rush Taggart, for respondent Gould.

INGRAHAM, J. An attachment had been issued in this case, which had been executed by the sheriff by levying upon $500,000, the property of the defendant Gould, on deposit in the Mercantile Trust Company. Gould then gave an undertaking in the sum of $500,000, under sections 687 and 688 of the Code of Civil Procedure, to release the levy of the attachment, and upon that undertaking moved for an order discharging the attachment, alleging that the property levied on was his individual property, and that he had given an undertaking for the discharge of the said attachment, duly approved by a justice of this court. That motion coming on to be heard, after reciting the facts and that a dispute had arisen between the attaching creditor and the sheriff, the Special Term directed the question to be referred to a referee as to what, if any, instructions, were given to the sheriff by the plaintiff or his attorney as to the manner of executing the process. It was further ordered that the motion to discharge the attachment as to all the property belonging to the defendant Gould be granted, and the sheriff was ordered to release from the said levy the property of the defendant Gould, except as to the sum of $5,000, "which sum the said Mercantile Trust Company is hereby directed to retain possession of under such levy pending the final determination

of the issue of poundage in this action." The sheriff appealed from that order, and this court modified the order, so as to provide that the motion to discharge the attachment be granted upon payment of the fees of the sheriff. 114 App. Div. 120, 96 N. Y. Supp. 789. This reversed the order of the Special Term discharging the attachment, but directed that the attachment should be discharged upon paying the sheriff's fees; the said fees to be taxed upon notice. The situation then was that the attachment was to be discharged when the sheriff's fees which were to be taxed were paid. Subsequently, on the application of the sheriff, his fees were taxed; but until such fees were paid the original levy upon the money of the defendant Gould with the trust company remained in full force, and that is the situation as it now exists. The sheriff was entitled to hold the $500,000, which he had attached in the trust company belonging to Gould, until those fees were paid, and the sheriff still possesses that right.

This motion was made to require Gould to pay the sheriff's fees as taxed to the sheriff. I do not see that there is any authority for such an order. Chapter 523, p. 936, of the Laws of 1890 (as amended by chapter 418, p. 868, of the Laws of 1892), provides that, where a warrant of attachment is discharged, poundage upon the value of the property attached, not exceeding the amount specified in the return, may be taxed, and the judge or court must make an order requiring the party liable to pay the same to the sheriff. But it has not yet been determined what party is liable to pay the sheriff's fees, so that the court can make no order requiring such party to pay them. The sheriff is undoubtedly entitled to retain the levy until his fees are paid, under section 709 of the Code of Civil Procedure; but, until there is some final determination as to what party is liable to pay the fees, I do not see how the court can make an order directing either party to pay them.

The question under this section was presented to this court in Lawlor v. Magnolia Metal Co., 2 App. Div. 552, 38 N. Y. Supp. 36, and it was there held that "the giving of an undertaking to free the defendant's property from the lien of the attachment does not impair the validity or destroy the power of the court's mandate, but is practically a substitution of the sureties on the undertaking in place of property as security for the whole or a portion of the plaintiff's claim; that the attachment itself survives the giving of such undertaking; that under the provisions of section 17, c. 523, p. 940, of the Laws of 1890 (as amended by chapter 418, p. 868, of the Laws of 1892), the sheriff was allowed to retain possession of the property levied upon until the fees and poundage are paid, "whether the attachment was discharged by order of the court, or the action was settled; and while that provision would be inoperative in a case where the attachment was vacated because it was improperly granted, and the plaintiff was not entitled to have the defendant's property held to secure any judgment that he might obtain, it is operative where it appeared that the attachment was properly obtained, and the action was either settled or the attachment discharged by reason of the substitution of other security." That case was followed by the Second Department

in Esselstyn v. Union Surety & Guaranty Co., 82 App. Div. 474, 81 N. Y. Supp. 532.

In Tribune Association v. Eisner & Mendelson Co., 49 App. Div. 141, 63 N. Y. Supp. 94, the court without notice to the sheriff vacated an attachment upon the defendant giving an undertaking, and thereupon the bank, with whom the money was on deposit that had been attached, paid the money to the defendant. In that case the court held that, where an attachment is discharged by an order of the court, the court had power to make an order requiring the party liable therefor to pay the sheriff his fees and poundage as a condition precedent to the delivery of the property to the defendant. The order was there reversed, however, because the sheriff's bill had not been taxed upon proper evidence.

In Miller v. Miller, 108 App. Div. 310, 95 N. Y. Supp. 763, it was held that where the sheriff had lost his lien upon the property there was no power to order the fees to be paid by either party to the action. This court there said:

"Having relinquished possession of the property, the lien which he theretofore had was thereby destroyed, and the only remedy which thereafter remained to him was to look to the plaintiff or her attorney for the compensation to which he would have been entitled had he retained possession of the property; but the payment of this compensation the court had no power to direct by a summary order. When the attachment was discharged, and the property attached returned to the defendant, there was no authority in the court to order either party to pay the poundage, either under section 709 of the Code of Civil Procedure or the special statute above referred to relating to the county of New York."

We followed in that case Treadwell & Co. v. Mead Mfg. Co., 75 App. Div. 478, 78 N. Y. Supp. 283, where it was said that:

"If the sheriff wishes to collect his poundage, his remedy is to hold his levy until it is paid, or to sue the party to the action liable for his poundage for the amount taxed."

It seems to me, therefore, that the sheriff has one of several courses which he can adopt. He can retain possession of the property levied upon until his fees are paid; or he can release the property levied upon, and, when it is finally determined in the action who are liable for his fees, he can then apply to the court under the special statute for an order directing that party to pay his fees; or he can sue to recover his fees from the party who was liable. The court below, therefore, was justified in refusing to make a summary order requiring Gould to pay the sheriff's fees. The order that was actually entered discharged the attachment upon payment of the sheriff's fees, which had been taxed, with $10 costs of the motion. This order simply enforces the order of this court upon the appeal heretofore heard, and no harm can result, inasmuch as the lien of the attachment upon the money on deposit with the trust company attached by the sheriff still exists, and he can hold that money until his fees are paid. When the action is finally determined, he can, either by an action or by an application under this special act in relation to the county of New York, apply for an order requiring the party liable for his fees to pay them;

but he is not now entitled to an order directing Gould or anybody else to pay them.

The order appealed from should therefore be affirmed, with $10 costs and disbursements. All concur.