GREEN RIVER DISTILLING COMPANY, Respondent, *v.*
MASSACHUSETTS BONDING AND INSURANCE COMPANY,
Appellant.

**Insurance (liability) — when insurance company not liable,
under terms of policy, for costs and expenses incurred by
assured in procuring discharge of attachment levied upon
his automobile in action for negligence.**

1. When an attachment has been obtained in an action against a
defendant, as a non-resident or for any other reason, it may in a
proper case be vacated, or may be discharged upon the giving of
security for that purpose. *Vacatur* proceeds upon the ground that
the attachment is illegal. Discharge assumes its legality and involves
a change of security.

2. Where a policy, insuring the owner of an automobile against
loss from liability for damages, provided, after the usual covenants
as to defending or settling suits and paying the loss or damage within
a specified amount, that " in addition to the limits specified above,
the company will pay all costs and expenses incident to the investi-
gation, adjustment and settlement of claims, and all costs taxed
against the assured in any legal proceeding defended by the company,"
such policy does not cover, and the company is not required to pay,
the costs and expenses incurred by the assured, a foreign corporation,
whose automobile ran over and killed a man, in procuring a bond for
the discharge of an attachment against the automobile, including the
premium paid to the surety company for the bond and the poundage
fees of the sheriff. The insurance company was under a duty to
defend the action for damages in behalf of the assured, but this
defense did not include the duty to discharge the warrant of attach-
ment by substituting for the security of the levy the security of a
bond. An obligation assumed by an indemnitor to defend against
liability does not involve an obligation to substitute one form of
provisional security for another while the defense is undetermined.
The cost of such a substitution, if desired, must be met by the assured
and not by the indemnitor.

*Green River Distilling Co.* v. *Massachusetts Bonding & Insurance
Co.*, 197 App. Div. 499, reversed.

(Argued June 13, 1922; decided July 12, 1922.)

APPEAL, by permission, from a judgment, entered July
8, 1921, upon an order of the Appellate Division of the

Supreme Court in the first judicial department, which reversed a determination of the Appellate Term reversing a judgment of the Municipal Court of the city of New York in favor of plaintiff and affirmed said Municipal Court judgment.

*Edgar J. Treacy* for appellant. The defendant under the terms of its policy of insurance could not be called upon to expend money to release an attachment upon the property of the assured. (*Patterson* v. *S. A. Ins. Co.*, 178 Mich. 288.)

*John G. Milburn, Jr.*, and *Rush Taggart, Jr.*, for respondent. The defendant was required by the terms of its policy of insurance to bear the expense of securing the vacation or discharge of the attachment. (*Wadsworth* v. *J. & T. Co.*, 132 N. Y. 540; *Dilleber* v. *H. L. Ins. Co.*, 69 N. Y. 256; *Brewster* v. *E. S. Surety Co.*, 145 App. Div. 678; *Brassil* v. *Maryland Casualty Co.*, 210 N. Y. 235; *Holdgate* v. *Clark*, 10 Wend. 215; *Cassidy* v. *Taylor & Co.*, 79 App. Div. 242.)

CARDOZO, J. The plaintiff, using an automobile in its business, was insured by the defendant against loss from liability for damages. A man was run over and killed. His administrator sued, and obtained a warrant of attachment on the ground that the wrongdoer was a foreign corporation. The defendant in that action, the plaintiff in this, bonded the attachment and thus procured its discharge (Code Civ. Pro. secs. 687, 688). Poundage fees of $300 were paid to the sheriff as a condition of this relief; a premium of $250 was paid to a surety company for the execution of the bond (Code Civ. Pro. sec. 688). The action was later settled, the defendant now sued contributing an agreed quota to the settlement. The question is whether it must pay, in addition, the items expended by the plaintiff, while the suit for damages was pending, to release the attach-

ment lien.  For the recovery of those items, this action is brought.

We think the defendant's liability has been extended beyond the terms of its engagement. Condition C of the policy provides that if " any suit, even if groundless, is brought against the assured to enforce a claim for damages " covered by the contract, " the assured shall immediately forward to the company every summons or other process," and the company will " at its own cost, and subject to the conditions contained in condition L hereof, defend or at its option settle such suit in the name and on behalf of the assured." Condition L fixes the limit of liability as $5,000, where not more than one person is injured, by the policy; but provides that " in addition to the limits specified above, the company will pay all costs and expense incident to the investigation, adjustment and settlement of claims, and all costs taxed against the assured in any legal proceeding defended by the company."

The defendant was under a duty to defend the action for damages in behalf of the assured.  The defense did not include the duty to discharge the warrant of attachment by substituting for the security of the levy the security of a bond (*Sexauer & Lemke* v. *Burke & Sons Co.*, 228 N. Y. 341, 345).  The cost of such a substitution, if desired, must be met by the assured, and not by the indemnitor.  The argument to the contrary confuses *vacatur* and discharge (*Jones* v. *Gould*, 114 App. Div. 120; *Jones* v. *Gould*, 119 App. Div. 817, 819).  *Vacatur* proceeds upon the ground that the attachment is illegal. Discharge assumes its legality, and involves a change of the security.  Goods attached must be surrendered by the sheriff when the attachment is vacated, though his charges are unpaid (*Bowe* v. *U. S. Reflector Co.*, 36 Hun, 407).  Payment of the fees may be made a condition of surrender when the attachment is discharged by the substitution of a bond (*Lawlor* v. *Magnolia Metal*

*Co.*, 2 App. Div. 552; *Jones* v. *Gould, supra*).  Poundage and premium, if paid, are the consideration for a privilege which one defendant will find it convenient to assert, and another to reject.  The choice will vary with the circumstances.  An obligation assumed by an indemnitor to defend against liability does not involve an obligation to substitute one form of provisional security for another while the defense is undetermined.  As well might it be claimed that a covenant to defend against mechanics' liens would import a covenant to bond when foreclosure was contested (*Sexauer & Lemke* v. *Burke & Sons Co., supra*).  This conclusion becomes the clearer when we recall that the amount of the undertaking, $12,500, was far in excess of the $5,000 limit of defendant's liability.  Poundage and premium vary with the value of the fund and the penalty of the bond.  Nor is that all.  The procurement of a bond will seldom, if ever, be possible unless the one who procures, supplies indemnity, or the promise of it, to the one who is to sign.  To hold, then, that the obligation was cast on the defendant to procure for the assured a bond in discharge of the attachment is to wipe out by indirection the limitations of the contract.  Liability to the extent of $5,000 and no more becomes liability to the extent of the sum designated in the warrant.

We conclude that the items sued for are neither " costs and expense incident to the investigation, adjustment and settlement " of a claim, nor " costs taxed against the assured in any legal proceedings defended by the company.".

The judgment of the Appellate Division should be reversed, and the determination of the Appellate Term affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.