WILLIAM FRIED, Plaintiff, *v.* CONTINENTAL CASUALTY COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, May, 1935.

*Paul A. Abbott* [*David Abramowitz* of counsel], for the plaintiff.

*Robert M. McCormick* [*Andrew Eckel* of counsel], for the defendant.

GENUNG, J. The plaintiff sues upon an undertaking made by defendant March 5, 1934, to discharge an attachment procured by plaintiff against the property of Gerard Service, Inc., on May 4, 1934. A motion made in that action to vacate the attachment upon the original papers was denied on May 23, 1934, but such denial was reversed by the Appellate Term, First Department, October, 1934, and the motion to vacate was granted, the court writing: " As the affidavits of the plaintiff in support of the attachment are totally insufficient, it was error for the court to grant the same and the motion to vacate should have been granted."

Subsequently Gerard Service went into bankruptcy and plaintiff on December 14, 1934, procured a judgment by default in the sum of $792.58.

Plaintiff claims that defendant is liable upon its undertaking, notwithstanding the vacatur of the warrant of attachment, and defendant claims that the order of the Appellate Term avoided its liability upon the bond, and that a previous motion by plaintiff to strike out the separate defense having been denied, that question has been adjudicated adversely to plaintiff. (See *Recknagel* v. *Steinway,* 33 Misc. 633, 635.) Such order, however, may be reviewed on an appeal from the judgment herein provided the notice of appeal so specifies. (*Barber* v. *Rowe,* 200 App. Div. 290.)

But plaintiff cannot succeed even though the issues still remain open to decision.

The motion to vacate the attachment was made upon the original papers and was granted because those affidavits were " totally insufficient." Hence the court had no jurisdiction to grant the warrant. (*Ruppert* v. *Haug*, 87 N. Y. 141, 144; *Weehawken Wharf Co.* v. *Knick. Coal Co.*, 24 Misc. 683, 684; *Dain's Sons Co.* v. *McNally Co.*, 65 id. 161; affd., 137 App. Div. 857.) Where an attachment is set aside for want of jurisdiction, the undertaking as well as the attachment is void. (*Cadwell* v. *Colgate*, 7 Barb. 253.) A bond given under a void order is not enforcible. (*Breuchaud* v. *Rudiger*, 162 App. Div. 720, 724.)

In *Vose* v. *Cockcroft* (44 N. Y. 415) the court said (at p. 420): " It is urged, also, that although the attachment proceeding is void, the bond is voluntary; that if a man chooses to give such a bond he shall be bound by it. Such is not the law. The bond is not voluntary. It is *in invitum*, compulsory, given to obtain a release of his property. If the attachment is void, the bond falls with it. (*Homan* v. *Brinckerhoff*, 1 Den. 184.)" (See, also, 6 C. J. 468.)

Plaintiff urges the case of *Baugh & Sons Co.* v. *U. S. Fidelity & Guaranty Co* (239 App. Div. 731; affd., 265 N. Y. 486) as decisive authority for his contention. That case, however, dealt with the liability of an obligor for premiums on a bond discharging an attachment when the attachment was " annulled " (Civ. Prac. Act, § 7, subd. 4), not vacated because of lack of jurisdiction to issue it.

In *Youngman* v. *Fidelity & Deposit Co.* (87 Misc. 456; affd., 169 App. Div. 934) it was held that the attachment was " annulled " because of the failure to obtain a stay pending an appeal from a judgment in favor of the defendant, but the court said: " Where an attachment is set aside for want of jurisdiction to sustain it, the undertaking as well as the attachment is void." (See, also, *Milliken* v. *Fidelity & Deposit Co.*, 129 App. Div. 206, where the reason for the statute as to annulment and revivor is clearly set forth.)

In *Lawlor* v. *Magnolia Metal Co.* (2 App. Div. 552; appeal dismissed, 149 N. Y. 591) the court said: " That there is a plain and broad distinction between vacating and discharging an attachment, we think too apparent to require discussion. The effect of an order or judgment vacating the attachment is an adjudication that the property was illegally seized * * *. The giving of an undertaking to discharge the attachment does not preclude the defendant from moving to vacate the attachment. (*Currie* v. *Riley*, 14 Wkly. Dig. 407; *Claflin* v. *Baere*, 57 How. Pr. 78; *Garbutt* v. *Hanff*, 15 Abb. Pr. 189; *Rowles* v. *Hoare*, 61 Barb. 266.) "

If, therefore, a motion may be made to vacate an attachment, notwithstanding that a bond had been given, it necessarily follows that the bond falls where the attachment is vacated because the court has no jurisdiction to issue it.

In the case at bar the motion to vacate the attachment was based upon the original papers, not upon conflicting affidavits; hence, the decision of the Appellate Term must be construed as holding that the court had no jurisdiction to issue the attachment upon the papers presented.

Judgment is accordingly directed for the defendant.