■ HENRY STUART (FABRICS) LTD., Plaintiff, v. JULES MOSKOWITZ & Co., INC., Defendant and Third-Party Plaintiff. DELOR FABRICS, INC., Third-Party Defendant. (Action No. 1.) DELOR FABRICS, INC., Appellant, v. HENRY STUART (FABRICS) LTD., Respondent. (Action No. 2.) — Order, Supreme Court, New York County, entered January 16, 1974, unanimously modified, on the law and the facts, to strike that portion of the final decretal paragraph which vacated the order of attachment previously obtained by Delor Fabrics, Inc., and to reinstate said order of attachment, and, as so modified, the order is affirmed, without costs and without disbursements. An order of attachment may be vacated pursuant to CPLR 6223 only upon a determination that it was illegally or improperly issued (*Green River Distilling Co.* v. *Massachusetts Bonding & Ins. Co.,* 234 N. Y. 109; 7A Weinstein-Korn-Miller, par. 6223.01). Accordingly, since on a prior motion to vacate, it was determined that the order of attachment herein was properly issued, it was error for the court below to thereafter vacate pursuant to CPLR 6223. And, while discharge of an order of attachment (which assumes it validity — see *Green River Distilling Co.* v. *Massachusetts Bonding & Ins. Co., supra*) may be obtained pursuant to CPLR 6222, it does not appear that defendant ever sought or obtained an order pursuant to that section approving the proposed undertaking submitted below, or indeed, that defendant complied with the procedures set forth therein, which among other things, requires "payment of the sheriff's fees and expenses." Concur — Markewich, J. P., Kupferman, Murphy, Lupiano and Tilzer, JJ.

■ In the Matter of REGINALD DAVIS, Petitioner, v. JUSTICE MURTAGH, as Justice of the Supreme Court of the State of New York, County of New York, Respondent.— Motion in the nature of mandamus to require respondent to render a decision in a matter pending before him unanimously denied, without costs and without disbursements, and the petition dismissed. It appears that the predicate matter has never been before respondent and, if not decided, is pending before another Justice of the court. The denial is without prejudice to a proper application. Concur — Lupiano, J. P., Steuer, Tilzer, Capozzoli and Lane, JJ.