■ Manufacturers and Traders Trust Company, Respondent, v Benjamin Lowenstein, Defendant, and Joseph V. Lo Tempio et al., Appellants. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: On November 5, 1980, plaintiff M & T Bank moved to confirm an order of attachment (pursuant to CPLR 6211, subd [b]) and judgment creditors Lo Tempio moved to vacate the order of attachment (pursuant to CPLR 6223). Special Term granted the motion to confirm, denied the motion to vacate, and determined that M & T's order of attachment had priority over Lo Tempios' execution of judgment. The Lo Tempios have appealed, arguing that the court should have granted their motion to vacate, because their execution, which was prior in time, should have priority. We find no error in denying the motion to vacate plaintiff's order of attachment. "An order of attachment may be vacated pursuant to CPLR 6223 only upon a determination that it was illegally or improperly issued" (Stuart [Fabrics] v Moskowitz & Co., 44 AD2d 798). It is neither illegal nor improper to grant an order of attachment to one creditor simply because another creditor claims a priority. The order of attachment serves merely to preserve plaintiff's rights. Once plaintiff has its order of attachment, then it or any other creditor may commence a special proceeding to determine whose right is superior (CPLR 5239, 6221). Thus, even if the Lo Tempios are correct in their assertion that their right is superior, they would still not be entitled to have M & T's order of attachment vacated and that portion of the order which determines the priority of claims between the parties in this proceeding is stricken. (Appeal from order of Supreme Court, Erie County, Wolf, J. — priority of attachments, executions.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.