(88 App. Div. 526.)

O'BRIEN, Sheriff, v. AMERICAN SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. SHERIFFS—POUNDAGE—EXECUTION AGAINST PERSON—VACATION.

Under Laws 1890, p. 940, c. 523, § 17, subd. 7, as amended by Laws 1892, p. 868, c. 418, declaring that the sheriff is entitled for collecting money by virtue of an execution to 5 per cent. on the first thousand dollars, etc., and that, where a settlement is made after a levy by virtue of an execution, the sheriff is entitled to poundage upon the value of the property levied upon, and that where an execution has been vacated or set aside he is entitled to poundage upon the value of the property levied upon, not exceeding the amount specified in the execution, the sheriff is not entitled to poundage upon vacation of an execution against the person, issued after failure to collect the money under an execution against the property.

Submission of controversy by William J. O'Brien, as sheriff of the city of New York, against the American Surety Company of New York. Judgment for defendant.

Argued before HATCH, McLAUGHLIN, O'BRIEN, and IN-GRAHAM, JJ.

Sydney W. Stern, for plaintiff.
Henry C. Willcox, for defendant.

INGRAHAM, J. The question submitted is whether the defendant is liable for sheriff's poundage. The defendant commenced an action against one Cosgrove, obtained a judgment, and issued execution against the property, which was returned unsatisfied, and thereafter issued execution against the person of Cosgrove, under which execution the sheriff took Cosgrove into custody. Subsequently a motion was made to vacate this execution upon the ground that Cosgrove was a resident of New York county, and that no execution against his property was issued to the sheriff of that county, which was granted, and the execution against his person vacated, and the sheriff was directed to discharge Cosgrove from custody. Upon the receipt of this order Cosgrove was released, whereupon the sheriff demanded the payment of his poundage, which was refused, and the question submitted is whether the defendant is liable therefor. No money was actually collected by the sheriff, nor did the defendant collect its judgment against Cosgrove by virtue of the process issued to the sheriff, or in any other way.

It is not disputed but that the right of the sheriff to poundage depends upon the provisions of the law in force when the execution was issued. The fees of the sheriff were regulated by subdivision 7, § 17, c. 523, p. 940, Laws 1890, as amended by chapter 418, p. 868, Laws 1892. Section 17 of that act provides that for the services thereafter specified the sheriff of the city and county of New York shall collect the specified fees, and by subdivision 7 he is entitled "for collecting money by virtue of an execution * * * five per centum upon the first one thousand dollars collected; two and one half per centum on the next nine thousand collected; and one per centum on all sums over and above ten thousand dollars. Where a settlement is made after a levy by virtue of an execution the sheriff is entitled to poundage upon the value of the property levied upon not exceeding the sum at which the settlement is made; and where an execution has been vacated or set aside, the sheriff is entitled to poundage upon the value of the property levied upon not exceeding the amount specified in the execution." There seems to be no other provision of the statute under which a sheriff is entitled to poundage, and to entitle the plaintiff to judgment he must bring the case within this provision of the statute. It is not claimed that the sheriff has collected any money by virtue of the execution; nor is it claimed that a settlement was made after a levy by virtue of an execution. In this case the execution was vacated by the court, and therefore, under the provisions of the section, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the amount specified in the execution. There was, however, no levy upon any property. The sheriff, under the execution against the person, took the person of the defendant into custody, and held him in custody unless released by the order of the

court which vacated the execution; but the statute restricts the right of poundage where an execution has been vacated to the value of the property levied upon, and where no property has been levied upon it would seem that there is no poundage.

In Flack v. The State, 95 N. Y. 461, it was held that the sheriff must establish his right to the fee in question under the statute in force at the time the services were rendered. The statute in force under which the claim in that case was made was substantially like the statute now in force, except as to the amount of poundage. The court there says:

"The services for which compensation is provided are those for 'collecting' the moneys called for by the execution, and the fees are computable only upon the amount 'collected,' and are made collectible by virtue of the execution alone. To bring the claim of a sheriff within the provisions of the statute, it is essential that he show either the collection of the moneys called for or some interference by the plaintiff with his execution of the process that is equivalent thereto; and in speaking of the claim that the taking of the body of the defendant in execution is in some sense a satisfaction of the judgment while the imprisonment continues, it was said that an arrest on a body execution is now generally considered not to operate as a satisfaction of the judgment, but simply as a suspension for the time being of other remedies of the creditor thereon. * * * It cannot, in any just sense, be said to be the equivalent of that collection of the moneys due upon a judgment which is required by the statute awarding fees to the sheriff for collecting an execution."

This case was decided under the statute then in force; but those provisions, as in the statute now in force, make the right of the sheriff to poundage depend upon his collection of money under the execution or his seizure of property under it from which the execution may be satisfied; and, as no money was collected by the sheriff, and no property was levied upon by him under the execution, the sheriff is not entitled to poundage where the execution is vacated or set aside, unless it may be that, where such execution is vacated by consent of the party at whose instance it was issued, such a consent might be deemed an active interference by such a party which would justify the sheriff in claiming poundage—a question which it is not necessary to determine, as there is no claim here that the defendant consented to the vacation of the execution under which the person against whom it was issued was held in custody.

It follows that the defendants were entitled to judgment. The parties, however, having waived costs, the judgment is without costs. All concur.