O'BRIEN, Sheriff, v. NATIONAL CONDUIT & CABLE CO.

(Supreme Court, Appellate Term. March 11, 1904.)

1. SHERIFFS—FEES—POUNDAGE—VACATED ATTACHMENT.

Laws 1890, p. 936, c. 523, as amended by Laws 1892, p. 868, c. 418, § 17, subd. 2, provides that, if an action is settled, the sheriff, in New York City, is entitled to poundage, and may retain the property levied on until his fees and poundage are paid; but no provision is made for the enforcement of the lien, or the ascertainment of liability. Code Civ. Proc. § 709, provides that when a warrant of attachment is vacated, or attachment discharged, the sheriff, on application of defendant, must deliver the property to defendant on payment of costs and expenses. This section was held unconstitutional so far as it attempts to compel defendant to pay costs, etc. Code Civ. Proc. § 3343, subd. 12, declares that an attachment is annulled when the action is discontinued. *Held* that, where an attachment is annulled and vacated on plaintiff's motion, the sheriff is entitled to poundage, to be recovered from plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by William J. O'Brien, as sheriff, etc., against the National Conduit & Cable Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Moen & Kilbreth, for appellant.
Warner, Johnson & Galston, for respondent.

FREEDMAN, P. J.  The facts in this case are substantially un-disputed.  In December, 1902, this defendant brought an action in the Supreme Court against the Keystone Telephone Company, and also at the same time obtained a warrant of attachment against the prop-erty of the said company.  This warrant was delivered to the plain-tiff, who thereupon executed it by delivering a certified copy thereof to the Knickerbocker Trust Company, and thereby secured a levy upon a deposit of the telephone company amounting to the sum of $5,000.  Subsequently the telephone company and the defendant here-in settled the action, the telephone company paying the conduit and cable company the sum of about $25,000; and on January 9, 1903, upon motion of the defendant herein, an order was entered discon-tinuing the action, without costs to either party, and vacating the warrant of attachment.  Prior to the commencement of this action, plaintiff demanded of the defendant payment of the sum of $150, which it is admitted is the proper amount of his fees and poundage in the attachment suit.  Upon the defendant's refusal to pay said amount, this action was brought, and the court below rendered judg-ment in favor of the defendant.

The only question in the case is whether the plaintiff is entitled to payment from the defendant in this action, it being the plaintiff in the Supreme Court action.  The statute relating to a sheriff's poundage in cases of attachment in New York county (chapter 523, p. 936, Laws 1890, as amended by chapter 418, p. 868, Laws 1892), by subdivision 2 of section 17, provides as follows:

"If an action is settled either before or after judgment, the sheriff is enti-tled to poundage upon the value of the property attached, not exceeding the sum at which the settlement is made; the sheriff may retain the property levied upon until his fees and poundage are paid."

It does not appear that the plaintiff ever released the fund attached, and we do not consider it material to the determination of this case whether he had or not, as the statute, while it gives the sheriff a right to retain the property levied upon until his fees are paid, makes no provision for the enforcement of his lien, nor for any method of procedure to ascertain who is liable for the payment of such fees.

Section 709 of the Code of Civil Procedure provides that:

"When a warrant of attachment is vacated or annulled, or an attachment is discharged, upon the application of the defendant, the sheriff must * * * deliver over to the defendant, upon payment of all costs, charges and expenses, all the attached property remaining in his hands, or that por-tion thereof as to which the attachment is discharged."

In construing that section in Bowe v. U. S. Reflector Co., 36 Hun, 407, it was held that in so far as said section attempts to compel the defendant in the attachment to pay the costs, etc., incurred by the sheriff in levying under an attachment, where such an attachment has been subsequently vacated and set aside, it is unconstitutional and void, as depriving the defendant of his property without due process of law.  This case was cited and followed in Lawlor v. Magnolia

Metal Co., 2 App. Div. 522, 38 N. Y. Supp. 36.  Where, however, the attachment is discharged by the giving of an undertaking, the case is different.  Lawlor v. Magnolia Metal Co., supra.  In the case at bar the attachment was not only "vacated," but, under the definition contained in subdivision 12 of section 3343, the attachment was "annulled."  This vacatur and annulment were procured by the plaintiff upon its own motion, and it has been repeatedly held that a sheriff is entitled to poundage upon service of an execution when he has been prevented from fully executing the writ by the act or interference of the plaintiff.  Parsons v. Bowdoin, 17 Wend. 14; Campbell v. Cothrain, 56 N. Y. 279; Flack v. State of New York, 95 N. Y. 461; O'Brien v. American Surety Co., 88 App. Div. 526, 85 N. Y. Supp. 316.

There is no difference, in principle, between the cases where the plaintiff settles after issuance of, and levy under, an execution, or when he settles when an attachment has been issued and levy·made.  The plaintiff, it must be assumed, had secured its claim against the telephone company, and had accomplished the object sought when it issued the attachment, because it effected a presumably satisfactory settlement with said company, and then procured an order vacating the attachment and discontinuing the attachment.  Section 3343, Code Civ. Proc., supra.  It is a question whether, under such circumstances, the sheriff would have a right to even retain the property of the defendant in the attachment proceedings after the entry of such an order.  Bowe v. U. S. Reflector Co., supra.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.