Gulotta, J.
(dissenting). This appeal involves the propriety and legal effect of a notice given by the Sheriff to a judgment debtor’s employer, the defendant herein, that if if did not *652 receive a reply to a demand for further payments under a garnishee execution, he would return the execution partially satisfied. He received no reply and thereupon he so returned the execution.
The plaintiff in the present action is the holder of a subsequent garnishee against the same debtor, but claims priority and the right to collect from the employer because the employer, which is also the holder of the first garnishee, adopted the device of paying itself directly to avoid paying the Sheriff his poundage fees.
There is nothing in the statute (Civ. Prac. Act, § 684) which even remotely authorizes the procedure adopted by the Sheriff in this case. Subdivision 1 states in part: “ said execution shall become a lien and a continuing levy upon the wages, earnings, debts, salary, income from trust funds or profits, due or to become due to said judgment debtor to the amount specified therein which shall not exceed ten per centum thereof, and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid or until modified as hereinafter provided ’ ’. Subdivision 4 deals with modification in the following language: “ Either party may apply at any time to the court from which such execution shall issue, or to any judge or justice issuing the same, or to the county judge of the county, and in any county where there is no county judge, to any justice of the city court, upon such notice (to the other) party as such court, judge, or justice shall direct, for a modification of said execution, and upon such hearing the said court, judge or justice may make such modification of said execution as shall be deemed just, and such execution as so modified shall continue in full force and effect until fully paid and satisfied or until further modified as herein provided.”
It will be observed that there is no provision for returning the execution ‘ ‘ partially satisfied ’ ’.
The Sheriff has a remedy to collect poundage even where payment is made directly to the creditor. (Rialto Security Corp. v. Harrison, 119 Misc. 145.) The court there said (p. 146): “ The Appellate Division in this department has held that even though the liability upon the judgment has been extinguished, an execution under section 1391 of the Code of Civil Procedure is a continuing levy and continues in effect until the order directing its issue is modified or until it is nullified by a discharge in bankruptcy. Ulner v. Doran, 167 App. Div. 259; Brenen v. Dahlstrom Metallic Door Co., 189 id. 685. Neither of these events has occurred. The plaintiff cannot *653 deprive the sheriff of his fees by his own act. O’Brien v. National Conduit & Cable Co., 43 Misc. Rep. 327.” In both the TJlner case and the Brenen case the court held that although a discharge in bankruptcy terminates the right to collect any further moneys under a garnishee execution, nevertheless it remains in full force and effect until modified by court order, stating in TJlner (p. 262): “ The true rule is that as to earnings which become due after the discharge in bankruptcy there remains no indebtedness to be satisfied and consequently the order permitting the issue of what is sometimes termed a garnishee execution should be modified. We think, however, that the execution remained valid and enforcible until modified as contemplated by section 1391 (supra) and that any moneys collected under it, even after the date of the defendant’s discharge in bankruptcy, are properly payable to the judgment creditor. It was the evident intention of section 1391 that such an execution should remain in full force until satisfied by the moneys collected thereunder or modified by the court.”
It may well be that a court would be justified in modifying the garnishee because of the employer’s dual position which was being used to defeat the rights of other creditors, but there is no need to create a new remedy to aid the plaintiff when it already has one.
A voluntary withdrawal of an execution such as occurred in the Marks case stands on a different footing. That merely involves recognizing the creditor’s right to waive his rights, which he undoubtedly has, since he is the one who decides to file the execution with the Sheriff in the first place.
I would affirm the order.
Benjamin and McDonald, JJ., concur in Per Curiam opinion; Gulotta, J., dissents in opinion.
Order reversed, etc.