J. DAVIS DUFFIELD et al., Assignees, etc., Respondents, *v.* HARRY L. HORTON et al., Appellants.

An assignment, in proceedings under the bankrupt act, discharges the lien of an attachment, levied within four months of the commencement of the proceedings upon property of the bankrupt ; no intervention or action of the court is required.

Defendants were indebted to one G. The debt was levied upon under an attachment against G. Within four months thereafter, proceedings in

bankruptcy were instituted against G. He was adjudicated a bankrupt. Plaintiffs were appointed his assignees, and an assignment executed to them. Prior to the assignment, judgment was recovered in the attachment suit, execution issued, and defendants, without knowledge of the bankruptcy proceedings, paid the amount of their debt to the sheriff. In an action by plaintiffs, as assignees, to recover the same, *held*, that the assignment transferred the property as of the day of the filing of the petition; the attachment was dissolved, and the lien thereof upon the property attached discharged as of that date; that the payment to the sheriff was without authority, and did not discharge defendants' obligation; and that, therefore, they were liable.

(Argued March 25, 1878; decided April 2, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, in favor of plaintiffs, entered upon an order reversing a judgment in favor of defendants, entered upon a decision of the court, on trial, without a jury, and directing judgment for plaintiffs. (Reported below, 10 Hun, 140.)

This action was brought by plaintiffs, as assignees in bankruptcy of Charles T. Yerkes, to recover a balance alleged to be due from defendants to the bankrupt.

The court found, in substance : That, on the 18th day of October, 1871, one Bouvier commenced an action against Yerkes, and on that day an attachment was issued in said action, which was served on the defendants, who were then owing Yerkes the sum of $566.96. On the 10th day of November, 1871, a petition in bankruptcy was filed by a creditor of Yerkes against him, and such proceedings were had that, on the 13th day of December, 1871, he was duly adjudicated a bankrupt. On the 30th day of December, 1871, Bouvier recovered a judgment in his action against Yerkes, and issued execution thereon to the sheriff. On the 23d of January, 1872, the plaintiffs were appointed assignees in bankruptcy, and on the 24th of January, 1872, the register in bankruptcy executed to the plaintiffs an assignment to them of all the property, effects, etc., of said Yerkes which he had on the 10th day of November, 1871. All the

proceedings in bankruptcy were regular, and the usual notices in such proceedings were served and published as required by that act. On the 3d day of January, 1872, the defendants, without knowledge of the bankruptcy proceedings, paid to the sheriff the sum owing by them to Yerkes.

*Ira Shafer*, for appellants. The debt due Yerkes was the latter's personal property. (Code, §§ 463, 464.) By issuing and serving the warrants of attachment, with the usual notice, the sheriff seized or attached the property of Yerkes in the defendants' hands, and obtained a lien thereon. (Code, §§ 231–237; *Russell* v. *Buckman*, 3 E. D. S., 419, 425, 427; *Rinchy* v. *Stryker*, 26 How. Pr., 70; *Frost* v. *Mott*, 34 N. Y., 203; *Holyoke* v. *Adams*, 1 N. Y. S. C., 1; *Thacher* v. *Bancroft*, 15 Abb. Pr., 243; *Rhoades* v. *Woods*, 41 Barb., 471.) Bouvier thus obtained priority over subsequent attachments or executions against Yerkes. (*M. and T. Bk.* v. *Dakin*, 50 Barb., 587; *Learned* v. *Vandenbergh*, 8 How. Pr., 77; *Burkhardt* v. *Sandford*, 7 id., 329.) Until the judgment in favor of Bouvier was paid, the sheriff had the right to maintain an action against defendants founded upon the seizure and the lien acquired by the attachment. (Code, §§ 232, 237, sub. 4; *Kelly* v. *Roberts*, 40 N. Y., 432; *Kelly* v. *Babcock*, 49 id., 318; *Duncan* v. *Berlin*, 60 id., 151.) The lien obtained under the attachment was not discharged under the assignment in bankruptcy. (*Wilson* v. *City Bk.*, 17 Wal., 473.) The payment to the sheriff, whether made with or without suit, was a valid payment, and defendants cannot be made to pay again. (*Gibson* v. *Haggerty*, 37 N. Y., 555; *Holmes* v. *Remsen*, 4 J. Ch., 460, 467; *Embree* v. *Hanna*, 5 J. R., 101; *Cochran* v. *Fitch*, 1 Sand. Ch., 142.) It was the duty of Yerkes' assignees to intervene in the State court and claim the fund. (*Kent* v. *Downing*, 44 Geo., 116; *Gibson* v. *Green*, 45 id., 209; *Johnson* v. *Bishop*, 1 Woolw., 324; *Doe* v. *Childress*, 21 Wal., 642.) The payment to the sheriff by defendants was good as against the assignees; and, if the sheriff had paid the money to the plaintiff in the execu-

tion, the assignees' remedy was against him. (*Broadley* v. *Frost*, 3 Dil., 457.)

*Sydney S. Harris*, for respondents. Plaintiffs were entitled to recover all the property of the bankrupt he had when the petition in bankruptcy was filed. (Bankruptcy Act of 1867, § 14; *Miller* v. *Bowles*, 58 N. Y., 263; *Morris* v. *First Nat. Bk.*, Ct. of App., Feb. 6, 1877; *Cook* v. *Whipple*, 55 N. Y., 130; *Cone* v. *Purcell*, 56 id., 649; *Stevens* v. *Mech. Sv'gs Bk.*, 101 Mass., 109; *Miller* v. *O'Brien*, 9 Bank. Reg., 26; *Mays* v. *Man. Nat. Bk.*, 64 Penn. St., 74, 81; *In re Preston*, 6 Bank. Reg., 545; *Doe* v. *Childless*, 21 Wal., 642; *In re Hinds*, 3 Bank. Reg., 92; *Edmeston* v. *Lyde*, 1 Paige, 637; *Corning* v. *White*, 2 id., 567; *Carroll* v. *Cone*, 40 Barb., 220; 41 N. Y., 216; Bump on Bank'cy (8th ed.), 586; *In re McIntosh*, 2 B. R., 506; *In re Covart*, 3 id., 508; 1 id., 199–599; 2 id., 388; 1 id., 165, 190.) Payment by defendants to the sheriff in the Bouvier case was no defense to this action. (*Richardson* v. *Ainsworth*, 20 How. Pr., 521; *Robinson* v. *Weeks*, 6 id., 161.) The defendants had constructive notice of the bankrupt proceedings. (*In re Lake*, 6 Bank. Reg., 542; *In re Grigg*, 3 id., 131; *Ex parte Vogel*, 2 B. R., 138; *In re Rust*, 1 N. Y. L. Obs., 326, 376.) If Bouvier acquired any lien by his judgment or execution, it was subsequent to the filing of the petition in bankruptcy, and not available as against plaintiffs' title. (*In re Hinds*, 2 Bank. Reg., 92; *Miller* v. *O'Brien*, 9 id., 26; *Doe* v. *Childless*, 21 Wal., 642; *Morris* v. *First Nat. Bk.*, Ct. App., Feb. 6, 1877.)

ALLEN, J. By the proceedings in bankruptcy against Yerkes, and the assignment of his estate to the plaintiffs as his assignees, the attachment at the suit of Bouvier, under which the debt due from the defendants to the bankrupt had been seized, was absolutely dissolved. It did not require the intervention and action of the court, but by act and operation of law the assignment under the direction of the court.

in bankruptcy of the estate of the bankrupt transferred the property of the bankrupt by relation as of the day of the filing the petition in bankruptcy, and worked a dissolution of the attachment, and a discharge of the lien upon the property attached, the attachment having been issued within four months immediately preceding the commencement of the proceedings under the act of Congress. (14 U. S. Stat. at Large, 517, § 14; U. S. Rev. Stat., § 5044; *Miller* v. *Bowles*, 58 N. Y., 253.) The payment by the defendants to the sheriff of the debt due Yerkes was without authority, and did not discharge the obligation either to Yerkes or the plaintiffs. The lien of the sheriff was discharged, and the payment was voluntary. There was no process against the defendants or their property, neither was there any judgment or order of any court, in obedience to which the money was paid. The judgment and execution was a general judgment and execution against Yerkes, and not a judgment specifically subjecting the debt to the payment of the judgment, and requiring the defendants to pay it, or the sheriff to collect and apply it. It is doubtless a hard case for the defendants who paid the money in good faith, without knowledge of the proceedings in bankruptcy, or any notice of their pendency save the constructive notice which every citizen has of that class of proceedings, and supposing that the attachment lien continued. The statute is free from all ambiguity, and courts can only give effect to it, and although it may, and frequently does, work injustice, and compel the payment of debts to the assignee which have been in good faith, and without actual notice of the bankrupt proceedings paid to the bankrupt, or, as in this case, to a sheriff or other person having a valid lien thereon but for the provisions of the bankrupt act, it is the necessary result of the statutory provisions. If others are liable to the plaintiffs for the moneys paid by the defendants, they were not compelled to resort to them, but could look to the defendants, the original debtors, who had not discharged their obligation. The sheriff could not probably be sued, being an officer of the court, and receiving the money as such.

(*Johnson* v. *Bishop*, 1 Woolworth, 324; *Bradley* v. *Frost*, 3 Dillon, 457.) It does not appear that the money has ever reached Bouvier, and if it has not he would not be liable in an action as for money had and received. Perhaps the defendants may recover the money back, as money paid under a mistake of fact, but that question is not before us. If they cannot they must submit to the loss.

The judgment must be affirmed.

All concur, except RAPALLO, J., not voting; MILLER, J., absent.

Judgment affirmed.