(80 App. Div. 378.)

## WILKINSON v. RAYMOND.

(Supreme Court, Appellate Division, Second Department. March 13, 1903.)

1. ATTACHMENT—LIEN OF SHERIFF—BANKRUPTCY.

A sheriff attaching property has, under Code Civ. Proc. §§ 709, 3307, 3343, subd. 12, a lien, so that though the attachment is dissolved by subsequent proceedings in bankruptcy, resulting in the appointment and qualification of the trustee, it is proper, on the trustee coming into the action and asking an order that the sheriff be required to deliver up the property, to require, as a condition thereof, that the sheriff be paid his fees and his outlay in preserving the property up to the time title passed to the trustee.

Appeal from Special Term, Orange County.

Action by John G. Wilkinson against H. Willard Raymond. From the part of an order imposing as a condition for vacation of the attachment that Robert H. Gould, trustee in bankruptcy of defendant, pay to Jacob Herman, sheriff of Orange county, his charges, said trustee appeals. Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

T. V. W. Anthony, for appellant.
C. L. Waring, for respondent.

JENKS, J. The action was begun in July, 1902, and an attachment was issued therein, under which the sheriff of Orange county seized and still holds vehicles and horses. On September 11, 1902, on a petition duly filed in a bankruptcy court, the defendant was adjudged a bankrupt, and on September 23d Mr. Gould was appointed and qualified as his trustee in bankruptcy. On October 28, 1902, the trustee obtained an order in this action that the plaintiff and the sheriff show cause why the attachment should not be vacated and set aside, on the grounds that the action was on simple contract debt, which had not come to judgment; that the attachment was not issued for any mortgage lien or claim of plaintiff against the property; that the defendant within less than four months of said attachment had been duly adjudged a bankrupt; that the petitioner was his trustee in bankruptcy; that his demand upon the sheriff for surrender of the property had not been met; and that much of said property was perishable, in that the expense of provender and care would soon equal the value of the horses. The Special Term ordered that the attachment should be vacated and set aside, and that the property seized thereunder should be released upon payment of so much of the stable keeper's lien for which the sheriff may be liable by reason of such attachment being made and levied, namely, $760, and also of the sheriff's fees and disbursements, which were taxed at $50.

As the title of the sheriff is by mesne process, the proceedings in bankruptcy resulting in the appointment and qualification of a trustee dissolved, ex proprio vigore, the attachment. Duffield v. Horton, 73 N. Y. 218; Miller v. Bowles, 58 N. Y. 253.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 495.

Various courts in this country are not in accord upon the question whether, under such circumstances, the sheriff is entitled to his fees before surrender of the property. In Matter of Housberger, 2 N. B. R. 92, 12 Fed. Cas. 596, the sheriff refused to surrender property until his bill of sheriff's charges, keeper's fees, labor, and the like was paid. Blatchford, J., held that the attachment was dissolved by the assignment as of the date of filing the petition, and that the title vested in the trustee as of that date, subject, however, to all subsisting liens then existing, and that the sheriff had a lien thereon for fees accrued prior to the filing of the petition. In Matter of Fortune, 2 N. B. R. 662, Fed. Cas. No. 4,955, the point was made that the sheriff had a lien for charges, including those for keep of the property, and Matter of Housberger, supra, was cited. Lowell, J., though holding that the sheriff had no lien, said that the case cited from New York showed that the law was otherwise there, in that there was a right of retainer by the sheriff against the will of both parties, and that, applying the bankruptcy act to such a law, there was, perhaps, no difficulty in concluding that the dissolution of the attachment does not destroy the right of the sheriff to the lien for costs which he would have if the parties themselves had agreed to dissolve it.

I think that the sheriff has a lien upon this property which entitles him to a payment of his charge upon the attachment before this court should order him to deliver up the property. Sections 709, 3307, 3343, subd. 12, Code Civ. Proc. In Matter of Lesser Bros., 5 Am. Bankr. Rep. 324,[1] Shipman, J., after speaking of the equitable lien incident to a creditors' bill, says:

"It is not like the lien obtained by the attachment of personal property in an action at law, by virtue of which the sheriff obtains either actual or constructive possession of the property attached, and in such a case the lien is not obtained by the judgment, but by the attachment, and we are not now prepared to say that if the judgment is rendered within four months after the petition in bankruptcy is filed that the lien by attachment is vacated."

The learned counsel for the appellant insists that section 709 of the Code of Civil Procedure has been held to be unconstitutional, in that it enacts that before a person's property has been delivered to him he must pay fees for which he is not personally liable, and cites Bowe v. United States Reflector Co., 36 Hun, 407. In that case the court proceeded upon the proposition that the seizure arose out of no fault of the defendants, as had been demonstrated by the fact that the attachment had been voluntarily abandoned, and also had been set aside by an order of the court, while in this case it is not established that the attachment was irregular, void, voidable, or abandoned. For aught that appears, it was legal and valid. It was not vacated or void ab initio, but simply dissolved per force of the appointment of the trustee. In re Housberger, supra; In re Preston, 6 N. B. R. 545, Fed. Cas. No. 11,394. In Bowe v. United States Reflector Co., supra, the court itself indicates the difference when it says (page 411):

[1] Opinion withdrawn, and case certified to Supreme Court.

"The case of Woodruff v. Imperial Fire Insurance Company, 90 N. Y. 521, in no manner tends to maintain the authority of this legislation; for there the defendant settled with the plaintiff, paying the amount of his claim, and thereby conceded the regularity of the attachment, which might very well primarily subject him to the payment of the sheriff's costs, charges, and expenses, while in this case there was no such concession in any form whatever, but the regularity of this seizure was practically superseded by the order made vacating the attachment."

The learned counsel for the appellant contends that the sheriff has not the legal right to withhold possession, even though he be entitled to his fees. But the trustee has come into an action pending in the state court, wherein there was a valid attachment under which the sheriff was entitled to a lien, and seeks an order of that court that the sheriff be compelled to deliver up the property. In Conner v. Long, 104 U. S. 228, 26 L. Ed. 723, the court, per Matthews, J., approves the opinion of Miller, J., in Johnson v. Bishop, 1 Woolw. 324, Fed. Cas. No. 7,373. In the Conner Case it was said (page 236, 104 U. S., 26 L. Ed. 723):

"It is argued, however, that the proceedings in bankruptcy, prior to the sale, had the effect of ousting the jurisdiction of the state court in the attachment suit, so that thereafter its order to sell was a nullity, incapable in law of any effect, and therefore incompetent to protect the officer against the consequences of executing it. But if the jurisdiction of the court became vacated, in the sense that after the assignment in bankruptcy its action was void, in respect to all persons and for all purposes, then it also follows that it thereby lost the legal custody of the attached property, and the sheriff held it afterwards, not officially, but merely as a private person; and he could not, consequently, defend against an action of replevin, brought by the assignee to recover possession of the specific property. This conclusion, upon the principles and authorities already referred to, we have already excluded; but the same reasoning would support the defense of the officer, in an action for conversion of the property sold in obedience to the order of the court, and therefore not by him but by the court itself; otherwise, the judge who made the order would be equally liable for the tort with the sheriff who executed it."

See, too, Kidder v. Horrobin, 72 N. Y. 159, 168; Ansley v. Patterson, 77 N. Y. 156; Dickerson v. Spaulding, 7 Hun, 288.

It would seem a hardship that a ministerial officer of the court, who is bound to execute its process, should not be reimbursed for his outlay necessary to the preservation of the property while under the legal and lawful charge of the court. Until the time when the property passed from the defendant to his assignee, it seems entirely just and equitable that the sheriff should be compensated for his outlay to preserve the property, and should also receive his legal fees.

The order should be modified as indicated, and as modified should be affirmed, without costs. All concur.