(88 App. Div. 452.)
### PLUMMER v. INTERNATIONAL POWER CO. et al.
(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. ATTACHMENT—PARTIAL VACATION—POUNDAGE.

    Laws 1890, p. 936, c. 523, as amended by Laws 1892, p. 868, c. 418, provides that, where a warrant of attachment is vacated by order of court, poundage upon the value of the property attached, not exceeding the amount specified in the warrant, may be allowed the sheriff, and that, if an action is settled either before or after judgment, the sheriff is entitled to poundage upon the value of the property attached, not exceeding the sum at which the settlement is made. A stipulation was made for an order vacating an attachment as to a part of the property affected, thereby leaving it in force as to a portion of the property greatly exceeding in value any claim the sheriff might have for poundage. *Held*, that the sheriff was not entitled to poundage upon the property affected by the order.

Appeal from Special Term, New York County.

Action by John F. Plummer against the International Power Company and others, in which plaintiff obtained a warrant of attachment against certain property of the defendants, which was subsequently vacated in part. From an order taxing poundage of the sheriff on the portion of the property released from attachment, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edmund F. Harding, for appellant.

Dwight W. Morrow, for respondent.

Chas. F. Wells, for respondent the sheriff.

PATTERSON, J. This is an appeal by the plaintiff from an order allowing the sheriff of the county of New York poundage upon property released from an attachment (the property so released being only a part of that upon which the attachment was levied), and also requiring the plaintiff to pay to the sheriff the amount so allowed. The action is still pending, and the attachment is still in force, and the levy subsists upon a very large amount of personal property. The order was made upon the sheriff's application and under the following circumstances: The plaintiff obtained a warrant of attachment against the International Power Company upon a claim for $1,000,000. Thereafter the defendant power company made an application to the court to increase the amount of the undertaking given on the attachment. Thereupon the plaintiff stipulated that an order might be entered by the court vacating the attachment as to all cash and moneys in bank and all other property of the defendant International Power Company, including its right and interest in the American Locomotive Company, except only as to 8,000 shares of the preferred stock of the locomotive company, which appeared upon the books of that company to be the property, free and clear of incumbrances, of the International Power Company. The order further provides that pending the attachment the defendant International Power Company may receive any and all dividends whatsoever that may be declared upon 8,000 shares of

the preferred stock, and exercise voting rights thereon, and also be at full liberty, at any time, to sell any and all of the said 8,000 shares of preferred stock of the locomotive company retained under the attachment, at whatever may be the prevailing market price, paying, in that event, into the hands of the sheriff the net sale price thereof, so that the said shares may thereupon be fully released from the lien of the attachment, and the proceeds of the sale thereof substituted in place thereof. The 8,000 shares of stock retained under the attachment are worth about $744,000. An order was entered fixing the amount of the plaintiff's undertaking at $25,000, and directing the release of all the property attached, except the 8,000 shares. The value of the property released appears to have been fixed at $122,592. After the order for the partial release or discharge of the attachment was made, the sheriff made this application for poundage upon the value of the property released, and that motion was granted; it being stated in the order that the poundage was allowed "because of the absolute command of Laws 1892, p. 868, c. 418, and not in the exercise of any discretion."

The right of the sheriff of the county of New York to poundage is governed by a special statute relating only to that county. It was passed in 1890 (chapter 523, p. 936, Laws 1890). It was amended by Laws 1892, p. 868, c. 418. The act of 1892, among other things, provides for poundage to the sheriff, as follows:

"Where the warrant of attachment (or writ of replevin) is vacated or set aside or discharged by order of the court, poundage upon the value of the property attached, not exceeding the amount specified in the warrant and such additional compensation for his trouble and expenses in taking possession and preserving the property, as the judge issuing the warrant allows, or in case of a replevin, such additional compensation as the court or judge thereof allows, and the judge or court may make an order requiring the party liable therefor to pay the same to the sheriff."

It is also provided in the second section that:

"If an action is settled, either before or after judgment, the sheriff is entitled to poundage upon the value of the property attached, not exceeding the sum at which the settlement is made. The sheriff may retain the property levied upon until his fees and poundage are paid."

The right of the sheriff to poundage depends entirely upon statute. Campbell v. Cothran, 56 N. Y. 280. The real question requiring determination here relates to the right of the sheriff to have poundage paid to him upon a release of an attachment from a part of the property levied upon, while there remains, subject to the lien of the attachment, ample property to pay any fees to which he may be entitled. The action is still pending. It is subject to settlement by the parties; the sheriff being entitled, if it is settled, only to poundage upon the value of the property attached, not exceeding the sum at which the settlement is made. The case of an absolute discharge of the attachment which would entitle the sheriff to poundage is not presented. As we construe this statute, we find in it nothing which justifies the allowance of poundage piecemeal. Poundage is a percentage for services. When the attachment is vacated or discharged by order of the court, and the service of the

sheriff has been fully performed and ended, and the whole process has performed its office, the statute gives the right to poundage, irrespective of other conditions, and then the jurisdiction of the court attaches to require the party liable for the poundage to pay the same to the sheriff. In Esselstyn v. Union Surety Company, 82 App. Div. 476, 81 N. Y. Supp. 532, it is said that the provision of the act authorizing the court to make an order requiring the party liable therefor to pay the sheriff's poundage, "where the warrant of attachment is either vacated, set aside, or discharged by order of the court, is designed to embrace both the case of annulment of the writ because of invalidity, or for any other reason justifying such annulment, and of a discharge of the writ because of the giving of security by the defendant, or for any other cause analogous thereto, and. requiring or justifying such discharge." Under such circumstances, the lien of the sheriff is destroyed by the action of the court; but where the lien is preserved, as it is here, we think the right of the sheriff to poundage, and the amount thereof, is not determinable until the action is terminated or settled by the parties.

If we are right in holding that the sheriff is entitled to poundage as one entire charge which cannot be fixed until the attachment is finally disposed of, then that to which he will be entitled necessarily depends upon the amount of the settlement or judgment. If the plaintiff collects the full amount of his demand, the sheriff is entitled to full poundage, irrespective of the release of a portion of the attached property. If the parties choose to ·settle the action at a sum less than that demanded by the plaintiff, the sheriff's right to poundage is controlled by that part of the second section which allows the poundage upon the value of the property attached, not exceeding the sum at which the settlement was made. All parts of this statute must be construed together, and, in view of the ultimate right of the sheriff to poundage, where the attachment is absolutely discharged or vacated by order of the court, and the sheriff's relation to the subject ends, he is permitted to receive his compensation at once, and the value of the property attached is made the basis of his right, for there is apparently none other upon which poundage could be computed; but where the action is continued, and the attachment remains, and the sheriff's lien still exists, payment of poundage is deferred.

We think the order appealed from should be reversed, with $10 costs and disbursements, and the motion to have poundage fixed denied, with $10 costs. All concur.