(108 App. Div. 310.)

## MILLER v. MILLER et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

SHERIFFS—COMPENSATION—POUNDAGE.

Under Laws 1890, p. 936, c. 523, as amended by Laws 1892, p. 868, c. 418 (applying only to the county of New York), providing that the sheriff is entitled to poundage upon the value of property attached, not exceeding the amount specified in the warrant, and such additional compensation as the judge allows, where the warrant of attachment is vacated by order of the court, and further providing that, if an action is settled, the sheriff is entitled to poundage upon the value of the property attached, not exceeding the sum at which settlement is made, and authorizing the sheriff to retain the property levied upon until his fees and poundage are paid, the sheriff is entitled to poundage, although the action is settled without consideration.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sheriffs and Constables, § 48.]

O'Brien, P. J., and Patterson, J., dissenting in part.

Appeal from Special Term, New York County.

Action by Sarah Miller against Charles C. Miller, in which Mitchell L. Erlanger, as sheriff of the county of New York, moved to tax his fees and direct plaintiff or her attorney to pay the same. From an order denying the motion, the sheriff appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Maurice B. Blumenthal, for appellant.

Lyman A. Spalding, for respondent.

McLAUGHLIN, J. This action was brought to recover $206,000 for an alleged conversion of the plaintiff's property. At the commencement thereof the plaintiff procured an attachment, which was perfected by the sheriff levying upon property of the value of $300,000. Shortly after the levy had been made under the attachment, by consent of the parties and without notice to the sheriff, the action was discontinued, the attachment vacated, and the bond canceled. The sheriff, however, refused to relinquish his levy until his fees had been paid, and upon defendant's motion an order was made directing him to discharge the levy and deliver to the defendant possession of the property attached. No appeal was taken from that order. The sheriff then made a motion to tax his fees and to direct the plaintiff or her attorney to pay the same. The motion was denied, and the sheriff has appealed.

The fees claimed are for poundage, and the right to them is governed by a special statute relating only to the county of New York. Laws 1890, p. 936, c. 523, as amended by Laws 1892, p. 868, c. 418. This statute, among other things, provides that:

"Where the warrant of attachment is vacated, set aside or discharged by order of the court, poundage upon the value of the property attached not exceeding the amount specified in the warrant, and such additional compensation for his trouble and expenses in taking possession and preserving the property as the judge issuing the warrant allows, or, in case of a replevin, such additional compensation as the court or judge thereof allows, and the judge or court may make an order requiring the party liable therefor to pay the same to the sheriff."

It also provides that:

"If an action is settled, either before or after judgment, the sheriff is entitled to poundage upon the value. of the property attached, not exceeding the sum at which the settlement is made. The sheriff may retain the property levied upon until his fees and poundage are paid."

The attachment was not vacated, set aside, or discharged by an order of the court, and the record shows that the action was settled without consideration. The sheriff, therefore, was not entitled to poundage upon the value of the property attached in excess of the amount specified in the warrant. The action was settled without consideration, and he therefore was not entitled to poundage upon the value of the property attached in excess of the sum at which the settlement was made. But, notwithstanding these facts, the sheriff was entitled to his fees. Otherwise there is no meaning to the words used in the statute that:

"The sheriff may retain the property levied upon until his fees and poundage are paid."

He had done all the law required him to do to be entitled to poundage. He had perfected the attachment by taking the property into his possession and thereafter caring for it until the parties to the litigation had adjusted their differences and requested a return to the person from whom it was taken. He was entitled to poundage, and the statute gave him a lien upon the property which he held until it was paid. This was a property right of which he could not be deprived by the act of the parties without his knowledge or consent. When the motion was made to compel him to relinquish his levy, he opposed it, and then insisted that he had a lien upon the property for his fees. The court held otherwise, and he acquiesced in the order by not appealing from it; but this did not deprive him of his right to have his fees paid, or to thereafter apply to the court to have the same adjusted, to the end that he might, in an action brought for that purpose, compel the party liable therefore to pay them. Having relinquished possession of the property, the lien which he theretofore had was thereby destroyed, and the only remedy which thereafter remained to him was to look to the plaintiff or her attorney for the compensation to which he would have been entitled had he retained possession of the property; but the payment of this compensation the court had no power to direct by a summary order. When the attachment was discharged, and the property attached returned to the defendant, there was no authority in the court to order either party to pay the poundage, either under section 709 of the Code of Civil Procedure or the special statute above referred to relating to the county of New York. This we held in Treadwell v. Mead Manufacturing Company, 75 App. Div. 478, 78 N. Y. Supp. 283, where Mr. Justice Ingraham, delivering the opinion of the court, after stating that neither section 709 of the Code nor the special statute gave authority to the court to direct the payment, said:

"If the sheriff wishes to collect his poundage, his remedy is to hold his levy until it is paid or to sue the party to the action liable for his poundage for the amount taxed."

This decision was cited with approval and followed in Esselstyn v. Union S. & G. Co., 82 App. Div. 474, 81 N. Y. Supp. 532, where Hirschberg, P. J., after pointing out the distinction between the two provisions of the statute, viz., that which permits an order requiring the payment of the sheriff's fees and that which confines the sheriff's remedy to his lien upon the property attached, said:

"In the one case the lien is destroyed by the act of the parties, and the sheriff may retain the property to secure his fees. In the other case the lien is destroyed by the action of the court, and the court is permitted to both determine the liability for the fees and to direct their payment."

The statute clearly contemplates that, after an attachment has been issued and a levy made thereunder, the sheriff is entitled to poundage. If the warrant is vacated by an order of the court, then the poundage is to be determined by the value of the property attached, not exceeding that specified in the warrant, and such additional compensation for caring for the property and expenses as the judge or court may allow. I can see no good reason why the same rule should not be applied where the warrant is vacated, without consideration, at the request or with the consent of the party who procured it. In each case the result is precisely the same to the sheriff, and, if he is entitled to poundage in the one case, it would seem that a fair and reasonable construction of the statute entitles him to it in the other. The result being the same to him, his poundage should be determined in the same way. As already suggested, the court did not have the power to direct the payment; but it did have the power to determine the amount (Treadwell v. Mead Mfg. Co., supra), and this it should have done.

The order appealed from, therefore, should be reversed, in so far as the motion was made to tax the sheriff's fees, and the matter remitted to the Special Term for that purpose, and in all other respects affirmed, without costs to either party.

INGRAHAM, J., concurs. LAUGHLIN, J., concurs in result.

PATTERSON, J. I am of the opinion that the sheriff is entitled to poundage. That right, of course, depends entirely upon statute. Campbell v. Cothran, 56 N. Y. 281. The special statute relating to that subject applying only to the county of New York is chapter 523, p. 936, of the Laws of 1890, as amended by chapter 418, p. 868, of the Laws of 1892. We had occasion to consider and construe that statute in the case of Plummer v. International Power Co., 88 App. Div. 452, 85 N. Y. Supp. 107. It is provided therein that the sheriff is entitled to poundage on an attachment, and that, where a warrant of attachment is vacated or set aside by order of the court, poundage upon the value of the property attached, not exceeding the amount specified in the warrant, and such additional compensation for his trouble and expenses in taking possession and preserving the property as the judge issuing the warrant allows; and it is also provided that, if an action is settled before or after judgment, the sheriff is entitled to poundage upon the value of the property attached, not exceeding the sum for which the settlement is made. In the record

in this case it appears that the attachment was vacated by order of the court made on the 20th day of February, 1905. That order provides as follows:

"Ordered that the above-entitled action be, and the same is hereby, discontinued, without costs to either party as against the other, and that the attachment granted therein on January 5, 1905, be vacated, and that the bond upon the obtaining of such attachment be canceled."

Here is a specific order vacating the attachment, and the sheriff is entitled to poundage; and, as was said in the case cited, where the attachment is absolutely discharged or vacated by order of the court and the sheriff's relation to the subject ends, he is permitted to receive his compensation at once, and the value of the property attached is made the basis of his right; for there is apparently none other upon which poundage could be computed.

I think the order appealed from should be reversed, and that the sheriff should have his poundage allowed, computed upon the value of the property attached.

O'BRIEN, P. J., concurs.