JONES v. GOULD et al.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

ATTACHMENT—DISCHARGE—SHERIFF'S FEES AND POUNDAGE—RETURN OF PROPERTY.

　　Law 1890, p. 940, c. 523, § 17, subd. 2, as amended by Laws 1892, p. 868, c. 418, fixes the right of the sheriff to poundage in the county of New York, and provides that he may retain the property levied on until his fees and poundage are paid. Code Civ. Proc. § 709, provides that, where a warrant of attachment is vacated or an attachment is discharged on application of defendant, the sheriff must deliver to him, on payment of all costs, charges, etc., all the attached personal property remaining in his hands, or that portion thereof as to which the attachment is discharged. Held that, where a levy was made and recognized by defendant by his giving an undertaking to have it discharged, and the property returned to him under Code Civ. Proc. §§ 687, 688, providing for such return, defendant was entitled, on payment of the sheriff's fees and poundage, to the return of the property, although plaintiff objected to the taxation of such fees and poundage, on the ground that the levy made by the sheriff was excessive and in violation of instructions.

Appeal from Special Term, New York County.

Action by John S. Jones against George J. Gould and others. From an order discharging an attachment, and appointing a referee to take testimony as to a levy under the attachment, Nicholas J. Hayes, sheriff, etc., appeals. Order modified, and, as modified, affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Maurice B. Blumenthal, for appellant.

David McClure, for respondent John S. Jones.

McLAUGHLIN, J. Action to recover damages for the breach of a contract in which a warrant of attachment was issued against the

property of the defendants on the ground that they were nonresidents. The amount which the plaintiff claimed he was entitled to recover was the sum of $460,000, and interest from a specific date. The warrant of attachment commanded the sheriff of the county of New York "to attach and safely keep so much of the property" of the defendants within said county which they had at the time the warrant was issued, or which they might have at any time before final judgment, as would be sufficient to satisfy said claim and the costs and expenses of the action. After the warrant had been delivered to the sheriff, he, through his deputy, levied upon the sum of $500,000 belonging to the defendant Gould, and deposited by him with the Mercantile Trust Company. Subsequently Gould gave an undertaking conditioned to pay the amount of any judgment which the plaintiff might recover in the action against him, either jointly or severally with the other two defendants, not exceeding the sum of $500,000, for the return to him of the money attached. The undertaking was approved, and he thereupon applied, upon notice to the plaintiff, for an order discharging the attachment. On the return of the motion, the sheriff, by counsel, appeared in the proceeding, and made an application to have his fees and poundage taxed. The application was based upon an affidavit of a deputy showing the issuance of the attachment; the levy made thereunder, and the return thereto; the amount claimed; the value of the property attached; and that the fees of the sheriff, under chapter 418, p. 868, of the Laws of 1892, amounted to $4,775; that is, 5 per cent. on the first $1,000, a 2½ per cent. on the next $9,000, and 1 per cent. on $450,000—the balance of the plaintiff's claim. By permission of the court the plaintiff was permitted to present affidavits to the effect that the levy by the sheriff was in violation of instructions; that plaintiff's counsel instructed him to attach only a certain "debt due from said syndicate managers out of the syndicate fund to said defendants as individuals and subscribers to said fund." The fact that any such instructions were given was denied by the sheriff or his deputy, to whom the warrant of attachment was given for the purpose of making a levy thereunder.

The learned justice sitting at Special Term was evidently of the opinion that the right of the sheriff to fees and poundage depended upon the determination of the question of fact thus presented, inasmuch as he directed the sheriff to discharge the attachment as to all of the property levied upon, except the sum of $5,000, which the trust company was directed to retain in its possession pending a final determination as to whether or not the sheriff was entitled to poundage, and appointed a referee to take testimony as to what, if any, instructions were given to the sheriff by the plaintiff or his attorney as to the manner of executing the writ of attachment. The sheriff appeals from the order.

The right of the sheriff to poundage in the county of New York is fixed by section 17, subd. 2, c. 523, p. 940, of the Laws of 1890, as amended by chapter 418, p. 868, of the Laws of 1892, and whether or not in the present case he is entitled to the fees claimed before the attachment could be discharged must be determined by this statute and

section 709 of the Code of Civil Procedure. This section of the Code provides that:

"Where a warrant of attachment is vacated or annulled, or an attachment is discharged upon the application of the defendant, the sheriff must * * * deliver over to the defendant * * * upon payment of all costs, charges and expenses legally chargeable by the sheriff, all the attached personal prop· erty remaining in his hands or that portion thereof as to which the attachment is discharged."

And the provisions of the statue of 1890, as amended in 1892, in addition to fixing the fees to which a sheriff is entitled for levying a warrant of attachment, provides that "the sheriff may retain the property levied upon until his fees and poundage are paid." By these provisions of the statute the attachment could not be discharged and the property returned to the defendant until the sheriff's fees and poundage had been paid.

The plaintiff alleged he had a claim amounting to $460,000 against the defendants for the breach of a contract, and, for the purpose of satisfying any judgment he might recover in an action to enforce such claim (the defendants being nonresidents), he obtained the writ of attachment, which the sheriff perfected by making a levy thereunder and return thereto. The defendant Gould recognized that a valid levy had been made under the attachment when he gave the undertaking for the purpose of having it discharged and the attached property returned to him. Code Civ. Proc. §§ 687, 688. The undertaking was for the plaintiff's benefit. The condition of it was that Gould would, on demand, pay to the plaintiff the amount of any judgment which he might recover in the action against him, either jointly or severally with the other defendants, not exceeding the sum of $500,000. The giving of the undertaking was, in effect, the substitution of it for the property which had been attached. But this, of itself, did not entitle Gould to have the attached property returned to him, because the sheriff had a right to hold it until his fees and poundage had been paid. The statute so provides. The defendant Gould, so far as appears, recognizes this fact, because he does not object to paying the fees and poundage. The plaintiff is the only one who objects, and the undertaking having been given for his benefit, and he in no way having repudiated it, he is not in a position to dispute the sheriff's claim. Indeed, it might well be doubted whether, in any event, having obtained the mandate of the court commanding the sheriff to attach and safely keep "so much of the property" of the defendants in his county as would satisfy the claim, such mandate could be qualified by oral instructions to only levy upon certain property. But it is unnecessary to determine that question, because a levy was made, which was recognized by the defendant owning the property attached, who gave an undertaking to have it discharged, and of which the plaintiff still has the benefit. To hold otherwise might result in permitting the plaintiff to obtain, through the medium of the sheriff, the benefit of an attachment without any one paying his fees and poundage. All that is necessary to hold is that the attachment having been discharged by the defendant Gould giving the undertaking provided by statute, he was, on paying the sheriff's fees and poundage, entitled to the return of the property attached, and

this is but a reiteration of the rule several times laid down by this court. Lawlor v. Magnolia Metal Co., 2 App. Div. 552, 38 N. Y. Supp. 36; Plummer v. International Power Co., 88 App. Div. 452, 85 N. Y. Supp. 107; Esselstyn v. Union Surety & Guaranty Co., 82 App. Div. 474, 81 N. Y. Supp. 532; Miller v. Miller, 108 App. Div. 310, 95 N. Y. Supp. 763.

If the foregoing views be correct, then the order appealed from should be modified as to provide that the motion to discharge the attachment be granted upon payment of the sheriff's fees, the amount of such fees, unless agreed upon, to be taxed upon notice, and, as thus modified, the same should be affirmed, with $10 costs and disbursements to the appellant. All concur.