## LINDSEY v. MEXICAN CRUDE RUBBER CO.

(District Court, S. D. New York. June 4, 1912.)

1. ATTACHMENT (§ 176*)—VALIDITY—MOTION TO DISCHARGE—WAIVER.

Where defendant had recognized the validity of an attachment by giving an undertaking to have it discharged, he could not thereafter raise the question of its validity.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 463; Dec. Dig. § 176.*]

2. ATTACHMENT (§ 163*)—PROPERTY SUBJECT TO LIENS—LEVY.

Where property in the hands of a third person subject to liens is attached, the sheriff, in making the attachment, cannot take the property out of the hands of the lienor.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 460–463; Dec. Dig. § 163.*]

3. SHERIFFS AND CONSTABLES (§ 47*)—COMPENSATION—POUNDAGE FEES.

An attachment having been discharged by the substitution of an undertaking, the sheriff was absolutely entitled to poundage fees as provided by Laws N. Y. 1890, c. 523, § 2, as amended by Laws N. Y. 1892, c. 418, to be taxed on the value of the property, not exceeding the amount specified in the warrant, without reference to the basis of the settlement, should one be made.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 72–74; Dec. Dig. § 47.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by Thomas S. Lindsey against the Mexican Crude Rubber Company. On motion of the sheriff of New York county for an order fixing and taxing fees and poundage. Granted.

Ingram, Root, Massey & Clark, of New York City, for plaintiff.

Davies, Auerbach, Cornell & Barry, for defendant.

NOYES, Circuit Judge. [1, 2] The defendant having recognized the validity of the attachment by giving the undertaking to have it discharged (Jones v. Gould, 114 App. Div. 123, 99 N. Y. Supp. 789), I fail to see how it is now in a position to raise the question of validity. Moreover, the property attached having been in the hands of a third person subject to liens, the levy seems to have been made in accordance with the Code. I do not see how the sheriff could have taken such property out of the hands of the lienor.

[3] The attachment having been discharged by the substitution of an undertaking, the sheriff's right to poundage under the fees statute (section 17, subd. 2, of chapter 523 of Laws of 1890, as amended by chapter 418 of Laws of 1892) became absolute, and he was entitled to have it taxed upon the value of the property, not exceeding the amount specified in the warrant. This right, it is held, was not limited by the later provision in the same statute providing for the payment of poundage upon the basis of a settlement in case one should be made. Thus it was said by the Appellate Division for the First Department in Plummer v. International Power Co., 88 App. Div. 455, 85 N. Y. Supp. 108:

"When the attachment is vacated or discharged by order of the court, and the service of the sheriff has been fully performed and ended and the whole process has performed its office, the statute gives the right to poundage, irrespective of other conditions, and then the jurisdiction of the court attaches to require the party liable for the poundage, to pay the same to the sheriff."

See, also, Esselstyn v. Union Surety Co., 82 App. Div. 476, 81 N. Y. Supp. 532.

If the practice were to compel a plaintiff who procures the service of a writ of attachment to pay an officer's fees in advance of judgment, I could well appreciate the justness of it. But to compel a defendant whose property may have been attached without justification in a cause wholly without merit to pay fees in order to bond it, and then look to a possibly irresponsible plaintiff for reimbursement, seems extremely harsh. However, this seems to be the course prescribed by the New York statutes and decisions and it is my duty to follow it.

Motion granted and fees and poundage allowed as claimed.