### MARTIN v. BERWICK.

(Supreme Court, Appellate Term, First Department. June 10, 1913.)

SHERIFFS AND CONSTABLES (§ 51*)—FEES.

> After a sheriff had attached the savings bank account of a judgment debtor, judgment was rendered and a receiver in supplementary proceedings was appointed, who received the deposit from the bank, and the sheriff demanded possession from the receiver, but was refused, and upon the receiver's account being passed by the court his application for poundage was denied for "failure to collect"; the ground of the denial being a statement of plaintiff's attorney that he was informed by the sheriff that he could not collect upon the attachment or execution. *Held,* that it was improper to deny the sheriff poundage; he having done nothing to forfeit the right thereto.
>
> [Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 76; Dec. Dig. § 51.*]

Appeal from City Court of New York, Special Term.

Action by Katharine Martin against Isabella Berwick. From an order denying a sheriff's application for poundage, he appeals. Order reversed, and payment of fees directed.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Emanuel Blumensteil, of New York City, for appellant.
Appell & Taylor, of New York City, for respondent receiver.
Shlivek & Parnes, of New York City, for respondent Martin.
Edward T. Curran, of Brooklyn, for respondent Berwick.

BIJUR, J. After the sheriff had attached the account of the judgment debtor in a savings bank, judgment was rendered. Thereafter a receiver in supplementary proceedings was appointed, which demanded and received the amount of the account from the bank. The sheriff demanded possession of this fund from the receiver, but was refused. Finally the receiver's account was passed by the court, and the sheriff's application for poundage denied "because of failure to collect."

The only ground for such denial which appears in the papers is the statement of plaintiff's attorney that he "called at the office of the sheriff and was informed that the sheriff could not collect either upon the attachment or the execution." That statement is quite insufficient as a basis for any judicial action. The sheriff had done all that entitled him to poundage, and had done nothing to forfeit his right thereto. See Lawlor v. Metal Co., 2 App. Div. 552, 38 N. Y. Supp.

36; Wilkinson v Raymond, 80 App. Div. 378, 380, 81 N. Y. Supp. 82; Miller v. Miller, 108 App. Div. 310, 95 N. Y. Supp. 763; Jones v. Gould, 114 App. Div. 120, 99 N. Y. Supp. 789.

The order must be reversed, with $10 costs and disbursements, and upon a new application to pass the receiver's account the court below is directed to charge the same with the proper amount of sheriff's fees. All concur.