## In re FAMOUS FURNITURE CO., Inc.
### No. 40583.

District Court, E. D. New York.

Jan. 21, 1942.

Morris Ehrlich, of New York City, for petitioner (for motion).

Meyer Lindenbaum, of New York City, for trustee (opposed).

BYERS, District Judge.

This is a petition to review an order of the referee denying the claim of a city marshal for payment of his statutory fees for levying execution on two judgments against the bankrupt recovered within four months prior to the institution of this proceeding.

The marshal's petition recites his official position, the adjudication of the bankrupt on July 23, 1941, and the levy of execution against it under two judgments during the month of March, 1941; that under the laws of the State of New York "all fees collectible by me were payable out of the property levied upon", and that, pursuant to the same laws, "the fees and disbursements payable to me have priority in distribution, wherefore, I respectfully ask that the trustee in bankruptcy be directed to pay to me the sum of $114.53."

There is no question that the amount sought was properly computed, and the order of the referee allows $18, representing disbursements for caretakers and, as to the balance of $96, the order is: "Ordered, that the application of Morris Van Leer for the payment as a priority of fees in the sum of $96.00 be and the same is hereby denied."

▪ The opinion of the referee makes it clear that the marshal is not entitled to a priority status under Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104, in its present form, since the only debts so entitled are those "owing to any person, including the United States, who by the laws of the United States" is entitled to priority; the words "States or the", appearing in the statute prior to its amendment, were omitted, and the necessary effect is to relegate to the class of general creditors those whose claim to priority is found only in state laws.

So much of the referee's views is approved.

It was asserted on the argument here for the city marshal, that the referee had overlooked the lien status of the marshal's claim, which is not to be confused with the question of priority.

The criticism is based upon the referee's discussion of the following decision of the Circuit Court of Appeals for the Second Circuit: In re W. J. Schmidt & Co., 165 F. 1006, 1007. The brief report indicates that there was before the court a petition to review an order of the District Court for the Southern District of New York directing the trustee in bankruptcy to pay the fees of the sheriff of New York on two executions levied upon the property of the bankrupt within the four months period. The order was affirmed in the following language: "There is no need to discuss the constitutional questions which have been argued. We are satisfied that the language used by Congress in the sixty-seventh section of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 565 (U.S.Comp.St. 1901, p. 3450 [11 U.S.C.A. § 107]), providing that levies under judgment within the period named 'shall be deemed null and void' was not intended to deprive state's officer of his statutory fees, accruing prior to bankruptcy, under proceedings in the state courts, which were in all respects regular and in accordance with the state law and practice. The order is affirmed."

It will be seen that the court was considering the effect of Section 67, sub. f, of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. f, as it then was, and not Section 64 dealing with priorities.

The referee misconstrued the foregoing opinion, because he says: "The Circuit Court case above mentioned, In re Schmidt, I believe, is distinguishable from this case. The decision rendered by that Court is extremely short, but I believe, that the allowance by the Court of fees to the State Officer under the 'null and void levy' was pursuant to Section 64, subdivision 7, which allows priority in bankruptcy to all debts which are made (sic) priority by a State Law."

The Schmidt opinion clearly states that Section 67 was recognized as the portion of the Bankruptcy Act which required construction.

That section in its present form deals with liens which are deemed null and void (subdivision a, containing five paragraphs.) Subdivision b reads in part: "The provisions of section 60[96] of this Act [title] to the contrary notwithstanding, statutory liens in favor of employees, contractors, mechanics, landlords, *or other classes of persons,* * * * created or recognized by the laws of the United States *or of any State,* may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months

prior to the filing of the petition in bankruptcy \* \* \*." (Emphasis supplied.)

It would seem that, if the marshal has a lien upon the bankrupt's property under the laws of the State of New York, that lien must be recognized in this proceeding, and the necessary effect of Section 1558 of the Civil Practice Act and Section 151 of the Municipal Court Code (see also Wilkinson v. Raymond, 80 App. Div. 378, 81 N.Y.S. 82) seems to be that the marshal's fees are appropriately protected, and that he has a lien upon the property of the bankrupt, to the extent of his fees, which must be recognized in this court, unless the decision in the Schmidt case, supra, is to be overruled, which of course lies beyond the competence of the District Court.

It is true that the marshal's petition does not in terms refer to a lien, but no good reason is thereby suggested for denying appropriate relief.

He is not entitled to a priority, but he is entitled to the rights recognized in the order in the Schmidt case.

For these reasons, the petition to review is granted, and the decision of the referee will be modified so as to afford to the marshal the recovery of his fees from the bankrupt estate.

Settle order.