In re STANDARD WHOLESALE GROCERS, Inc. et al.

No. 193, Docket 21249.

United States Court of Appeals
Second Circuit.
May 10, 1949.

Rubinton & Coleman of Brooklyn, N. Y. (Emanuel Thebner of New York City, of

counsel), for appellee Capital Wholesale Grocers, Inc.

Sidney Posner of New York City (A. G. Grayzel of New York City, on the brief), for appellant.

Before L. HAND, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

On March 10, 1948, the appellant as Sheriff of the City of New York received an execution on a judgment in the sum of $11,671.68 against Standard Wholesale Grocers, Inc. He levied the execution by taking possession of the judgment debtor's property in Brooklyn, N. Y., consisting of goods having a value in excess of the amount of the judgment. On March 16, 1948 an involuntary petition in bankruptcy was filed against the judgment debtor and appellant Shaw was appointed receiver. The Sheriff then delivered the property levied upon to the receiver. On March 20, 1948 the judgment debtor filed its petition for an arrangement under Chap. XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.

Such proceedings were thereafter had that a plan of arrangement was promulgated and consented to by the requisite number of creditors, including the judgment creditor who had delivered to the Sheriff the execution which had been levied. Under this arrangement the judgment creditor was to receive in cash 25% of the amount of the judgment in full satisfaction thereof. The Sheriff contends that his poundage fees should be allowed by computing them upon the amount of the levy. The appellees insist that they should be computed upon the amount received by the creditor under the plan.

 The Sheriff's lien for fees under state law survived the proceedings in bankruptcy which extinguished the judgment creditor's lien. In re W. J. Schmidt & Co., 2 Cir., 165 F. 1006; In re Famous Furniture Co., D.C., 42 F.Supp. 777. His poundage is to be computed under § 1558(7) of the New York Civil Practice Act which provides in its presently pertinent part that, "Where a settlement is made after a levy by virtue of an execution, the Sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the sum at which the settlement is made."

The answer to the question now raised, therefore, is dependent upon whether the arrangement which resulted from the proceedings already mentioned is a settlement within the meaning of the New York statute. We first put aside as not necessary now to be decided instances where an arrangement under Chap. XI may be consummated without the consent of the judgment creditor. Where the judgment creditor does consent, as this one did, we think it clear that a settlement was made within the meaning of the state statute. That the consent was conditional upon the plan being consummated made it no less binding upon the judgment creditor when the condition was fulfilled. Nor can it be of moment from the standpoint of computing the Sheriff's fees why the judgment creditor actually consented to accept less than the amount of the levy in full satisfaction of the judgment. The decisive fact is that, by consenting to the plan after levy and through the consummation of the plan, the judgment creditor made a settlement which fixed the amount receivable in satisfaction of the judgment debt just as effectively as if the consent so to receive that amount had been made without the interposition of proceedings in bankruptcy.

Order affirmed.