Jacob Markowitz, J.
Motion by the Sheriff of the City of New York to fix his poundage and to direct the payment thereof. Pursuant to a warrant of attachment, the Sheriff duly levied upon two stock certificates having a value in excess of third-party plaintiff’s claim. Thereafter, the action was discontinued and a settlement made. The warrant of attachment was annulled when the action was discontinued (Civ. Prac. Act, § 7, subd. 4). The annulment was equivalent to a vacatur of the warrant (Matter of Dempsey v. Lynch Co., 175 Misc. 710, affd. 261 App. Div. 829). Accordingly, the Sheriff is entitled to poundage upon the value of the attached property, but not exceeding the amount specified in the warrant (Civ. Prac. Act, § 1558, subd. 22). Furthermore, the courts have held that the Sheriff is so entitled where he has levied on a warrant of attachment in an action which is, thereafter, discontinued (Miller v. Miller, 108 App. Div. 310; Williams v. Kahler, 274 App. Div. 984).
Third-party plaintiff argues, however, that, since there has been a settlement, the poundage should be computed upon the amount of the settlement. The Sheriff disputes the propriety of the settlement. Nevertheless, third-party plaintiff here has failed sufficiently to demonstrate that the involved settlement negotiations and terms produced for him an amount less than his original claim — the amount specified in the warrant. On the contrary, the submitted papers indicate that the settlement amount was well beyond the said claim. Therefore, the Sheriff’s basis for computing his poundage herein — by taking the amount of the claim — appears to be quite correct. The motion is granted and poundage and fees of the Sheriff are fixed at $1,255.32 with interest from the date of discontinuance of the *969 action. The Clerk of the court is directed to docket the order as a judgment in favor of the said Sheriff (Rules Civ. Prac., rule 74). Settle order.